## M. Joseph McDonald *vs.* Sabina O'Dea.

Norfolk. March 15, 1926. — May 28, 1926.

Present: Crosby, Pierce, Carroll, & Wait, JJ.

*Probate Court*, Jurisdiction. *Executor and Administrator. Guardian.*

The guardian of a minor who resides in this Commonwealth and is a grandniece of one who died here leaving as next of kin, besides the grandniece, a sister and two nieces who resided outside the Commonwealth, has no standing to petition the Probate Court for his own appointment as administrator, and G. L. c. 193, §§ 1, 2, gives the Probate Court no power to make such an appointment when none of the next of kin assent thereto.

The proceedings for the administration of an estate being in the nature of an action *in rem*, the law does not require that personal notice shall be given to the heirs at law and next of kin; nor does it require that notice of the petition shall be actually received by them; it is sufficient if the name of the deceased is stated correctly in the petition and that a general notice, if ordered by the court, in the form approved by this court shall be published as therein directed. Per Pierce, J.

PETITION, filed in the Probate Court for the county of Norfolk on August 7, 1924, for the appointment of an administrator of the estate of Peter O'Day, late of Brookline.

Proceedings in the Probate Court before *McCoole*, J., are described in the opinion. The respondent Sabina O'Dea appealed from the decree granting the petition.

The case was submitted on briefs.

*J. C. Madden & G. H. Mellen*, for the respondent.

*E. Johnson*, for the petitioner.

PIERCE, J. This is an appeal by one Sabina O'Dea, sister and next of kin of Peter O'Dea, from a decree of the Probate Court for the county of Norfolk appointing M. Joseph McDonald administrator of the estate of Peter O'Day, otherwise known as Peter O'Dea.

Peter O'Day, a resident of Brookline in the county of Norfolk, died June 17, 1925, intestate, leaving no widow and as his only heirs and next of kin the aforesaid sister who resided outside the Commonwealth, two nieces who resided outside the Commonwealth, and a grandniece, a minor, who resided within the Commonwealth. On July 27, 1925, M. Joseph McDonald was appointed guardian of the grandniece. As guardian of the minor, and so far as the record discloses without the request of the heirs and next of kin of O'Day, on August 7, 1925, he petitioned the Probate Court for the county of Norfolk to grant administration of the estate of O'Day to him or to some other suitable person. No citation was issued upon the petition, and a decree was entered on September 14, 1925, appointing him administrator. He forthwith qualified by giving bond with a surety company as surety, and said bond was approved by the Probate Court. The appeal was duly filed in the Probate Court on September 25, 1925.

The guardian of the grandniece as such had no standing under G. L. c. 193, §§ 1, 2, to be appointed administrator of the estate of O'Day: he was not next of kin, and the only next of kin resident within the Commonwealth had not legal capacity to consent in writing thereto. The fact that the grandniece, as the sole next of kin within the Commonwealth, had she been of full age and legal capacity could have

been appointed without notice to the appellant, under G. L. c. 193, § 2, and the fact that G. L. c. 201, § 37, provides that the guardian shall appear and represent his ward in all actions, suits and proceedings, unless another person is appointed therefor as guardian *ad litem* or next friend, do not singly or together entitle the guardian to petition for administration of the estate of which his ward is not entitled to the residue. G. L. c. 190, § 3.   See *Mowry* v. *Latham,* 17 R. I. 480.

The proceedings for the administration of an estate being in the nature of an action *in rem,* the law does not require that personal notice shall be given to the heirs at law and next of kin; nor does it require that notice of the petition shall be actually received by them; it is sufficient if the name of the deceased is stated correctly in the petition and that a general notice, if ordered by the court, in the form approved by this court shall be published as therein directed.   *Arnold* v. *Sabin,* 1 Cush. 525, 529.   *Bonnemort* v. *Gill,* 167 Mass. 338, 340.   *Anderson* v. *Qualey,* 216 Mass. 106.   *Renwick* v. *Macomber,* 233 Mass. 530.

The Probate Court had not power under G. L. c. 193, §§ 1, 2, to appoint on his petition McDonald, a stranger to the estate of Peter O'Dea, administrator of that estate.

*Decree reversed.*