[Civ. No. 28703. First Dist., Div. One. Oct. 31, 1972.]

ETHEL A. HELLING et al., Plaintiffs and Appellants, v.
NORMAN LEW, as Administrator, etc., et al.,
Defendants and Respondents.

## COUNSEL

Belli, Ashe, Ellison, Choulos, Cone & Harper, Irmas, Simke, Rutter, Green, Lasher & Hecht and David Manning Chodos for Plaintiffs and Appellants.

Lawrence S. Branton, Bronson, Bronson & McKinnon and Michael R. Sheehan for Defendants and Respondents.

## OPINION

**MOLINARI, P. J.**—Plaintiffs appeal from a summary judgment in favor of defendants in an action for damages for wrongful death.

The decedent, Donald C. Helling, was injured in an automobile accident when the car he was driving was struck by one driven by Keith Hickson and owned by Eric Hollomby. Following the accident Helling was taken by ambulance to a hospital in Needles owned and operated by the City of Needles. At the hospital Helling was treated by Dr. D. L. Richardson. Helling died the next day. His widow and minor children brought the instant action against Hollomby and Hickson's estate.[1] They also brought separate malpractice actions against the City of Needles and Dr. Richardson alleging that their negligence aggravated the injuries received by Helling in the automobile accident and that such negligence proximately caused his death.

Plaintiffs compromised and settled their actions against the City of Needles and Richardson for $250,000. As a result of such settlement these actions were dismissed. In the present action defendants affirmatively plead that the action is barred by reason of such compromise and settlement. They assert that the termination of the malpractice actions preclude the maintenance of the instant action because Code of Civil Procedure section 377 requires that all causes of action and all tortfeasors must be joined in one action. The trial court, agreeing with this contention, granted defendants' motion for summary judgment.

Code of Civil Procedure section 377, in pertinent part, provides as follows: "When the death of a person . . . is caused by the wrongful act or neglect of another, his heirs, . . . or personal representatives may maintain an action for damages against the person causing the death, . . . . If any other person is responsible for any such wrongful act or neglect, the

---

[1]Hickson was killed in the accident.

action may also be maintained against such other person, . . . The respective rights of the heirs . . . in any award shall be determined by the court. . . ."

Defendants' contention is premised on the often made statement that the statutory cause of action for wrongful death is joint, single, and indivisible. (*Watkins* v. *Nutting,* 17 Cal.2d 490, 498 [110 P.2d 384]; *Perkins* v. *Robertson,* 140 Cal.App.2d 536, 542 [295 P.2d 972].) This characterization may be traced to some early decisions in which it was stated that the statutory provision that either the personal representatives of the deceased or his heirs could bring an action for wrongful death contemplated only one action and did not authorize the maintenance of separate successive actions. (*Munro* v. *Dredging etc. Co.,* 84 Cal. 515, 523 [24 P. 303]; *Hartigan* v. *Southern Pacific Co.,* 86 Cal. 142, 143-144 [24 P. 851].) In a subsequent case the court expanded upon this reasoning by stating that "the action shall be brought either by the personal representatives of the deceased solely for the benefit of all the heirs [citation], or by *all* the heirs for their own benefit. So far as heirs are concerned, a single joint cause of action is given." (*Salmon* v. *Rathjens,* 152 Cal. 290, 294 [92 P. 733].) Accordingly, it has been held that an heir who is not a party to the action is precluded from bringing an independent action against the defendant.[2] (*Rabe* v. *Western Union Tel. Co.,* 198 Cal. 290, 299 [244 P. 1077].)

The characterization of an action for wrongful death as joint, single, and indivisible fails to take account of "all the qualifications and exceptions that arise in the factual combinations and permutations of litigation." (*Perkins* v. *Robertson, supra,* 140 Cal.App.2d 536, 543.) It should be noted, initially, that the requirement of joinder of all heirs is not jurisdictional but procedural. (*Cross* v. *Pacific Gas & Elec. Co.,* 60 Cal.2d 690, 692 [36 Cal.Rptr. 321, 388 P.2d 353].) Thus a judgment will not be reversed because of insufficient joinder where no objection was raised at the trial or where the appellant has not been prejudiced. (*Salmon* v. *Rathjens, supra,* 152 Cal. 290, 295; *Walker* v. *Etcheverry,* 42 Cal.App.2d 472, 475 [109 P.2d 385]; *Perkins* v. *Robertson, supra,* 140 Cal.App.2d 536, 543; *Cross* v. *Pacific Gas & Elec. Co., supra,* 60 Cal.2d 690, 693-694.) We observe that it has been held that even though the statute requires a lump sum verdict, an heir is precluded from recovering if he has failed to prove that he has been damaged. (*Changaris* v. *Marvel,* 231 Cal. App.2d 308, 312 [41 Cal.Rptr. 774]; *Perkins* v. *Robertson, supra; Cross* v. *Pacific Gas & Elec. Co., supra.*) Similarly, one member of the group

---

[2]The harsh results inherent in this rule are mitigated by the fact that a plaintiff who knows of other heirs and fails to join them is liable for the resulting damage. (*Watkins* v. *Nutting, supra,* 17 Cal.2d at p. 499.)

may be excluded without defeating the rights of the others if he is guilty of contributory negligence. (*Cross* v. *Pacific Gas & Elec. Co., supra,* at p. 693; *Perkins* v. *Robertson, supra,* at p. 544.) If an adult heir is barred by the running of the statute of limitations, this does not affect the rights of minor heirs as to whom the statute has been tolled. (*Cross* v. *Pacific Gas & Elec. Co., supra,* 60 Cal.2d at p. 693; *Petersen* v. *City of Vallejo,* 259 Cal.App.2d 757, 766-767 [66 Cal.Rptr. 776].) ■ In sum, an heir is regarded as having a personal and separate cause of action. (*Cross* v. *Pacific Gas & Elec. Co., supra,* at p. 692.)

The foregoing principles make it apparent that the characterization of the action for wrongful death as joint, single, and indivisible is not restrictive. ■ The action is joint only insofar as it is subject to the requirement that all heirs should join in the action and that the damages awarded should be in a lump sum; it is single only insofar as it must be maintained by one of the statutory designees, i.e., the personal representative or the heirs; and it is indivisible only insofar as it precludes omitted heirs from bringing subsequent and individual actions for the recovery of their individual damages. (See *Perkins* v. *Robertson, supra,* 140 Cal.App.2d 536, 543; *Cross* v. *Pacific Gas & Elec. Co., supra,* 60 Cal.2d 690, 694.) There is, however, no requirement that plaintiffs must join all causes of action and all potential defendants in one action.

■ We recognize that the issue presented by the instant appeal has not been determined by the courts of this state. There are statements in several decisions, however, which suggest that the principles applicable to the joinder of causes of action and defendants in common law tort actions are equally applicable to statutory actions for wrongful death. (See *Grundel* v. *Union Iron Works,* 127 Cal. 438, 440, 442 [59 P. 826]; *Frazzini* v. *Cable,* 114 Cal.App. 444, 453-454 [300 P. 121]; *Steele* v. *Hash,* 212 Cal.App.2d 1, 2-3 [27 Cal.Rptr. 853]; *Herrero* v. *Atkinson,* 227 Cal.App.2d 69, 75 [38 Cal.Rptr. 490, 8 A.L.R.3d 629].) In other jurisdictions it has been reasoned that since a wrongful death action sounds in tort, the general rule that joint tortfeasors may be sued either jointly or severally applies to statutory actions for death by wrongful act. (See *Privett* v. *West Tennessee Power & Light Co.,* 19 F.Supp. 812, 814, affd. 103 F.2d 1021, 1022; *Bell* v. *Riley Bus Lines,* 257 Ala. 120, 123 [57 So.2d 612, 615]; *Acock* v. *Kansas City Power & Light Co.,* 135 Kan. 389, 395 [10 P.2d 877, 880]; *Rush* v. *Town of Farmerville,* 156 La. 857, 862 [101 So. 243, 245]; *Sandifer Oil Co., Inc.* v. *Dew,* 220 Miss. 609, 628 [71 So.2d 752, 757]; *Rawie* v. *C.B. & Q. Railroad Co.,* 310 Mo. 72, 98-99 [274 S.W. 1031, 1039].) We find nothing in the wrongful death statute which warrants a contrary conclusion.

The purpose of the wrongful death statute is to afford compensation to the heirs for the pecuniary loss resulting from the death of their relative. (*Estate of Bright* v. *Western Air Lines,* 104 Cal.App.2d 827, 829 [232 P.2d 523]; *Kunakoff* v. *Woods,* 166 Cal.App.2d 59, 62 [332 P.2d 773].) This purpose can best be effectuated by affording heirs the same procedural opportunities available to other tort claimants.

The conclusion reached by us in no way conflicts with the characterization of the action for wrongful death as joint, single and indivisible. As observed in *State, Use of Bashe* v. *Boyce,* 72 Md. 140, 143-144 [19 A. 366, 367], "Its object [the wrongful death statute] was to protect a defendant from being vexed by several suits instituted by or in behalf of different equitable plaintiffs for the same injury, when all the parties could, with perfect convenience, be joined in one proceeding. It never contemplated depriving a plaintiff of the right to sue separately different joint tort-feasors, though, of course, there can be but one satisfaction, no matter how many judgments may be recovered."

■ It must be noted that by virtue of positive decisional law if defendants in the instant action are liable they are liable for the damages caused by their own negligent conduct and may be made further liable for the later negligent conduct, if any, of Dr. Richardson and the City of Needles. (*Ash* v. *Mortensen,* 24 Cal.2d 654, 657 [150 P.2d 876]; *Herrero* v. *Atkinson, supra,* 227 Cal.App.2d 69, 75.) Dr. Richardson and the city, however, may not be held liable for the negligent conduct, if any, of the instant defendants but, if guilty of negligence and malpractice, are separately liable for their own negligent acts. (*Ash* v. *Mortensen, supra; Herrero* v. *Atkinson, supra.*) Accordingly, there are two distinct causes of action, one against the instant defendants based on their alleged negligent conduct and the alleged subsequent negligent medical treatment, and another against Dr. Richardson and the City of Needles for their alleged wrongful acts. Plaintiffs were then free to bring separate actions and the order in which they were filed is immaterial. (*Ash* v. *Mortensen, supra.*)

We observe that the release given to the malpractice defendants specifically provided that it did not discharge the instant defendants from liability. Accordingly, the release does not preclude the maintenance of this action. (Code Civ. Proc., § 877, subd. (a).) ■ Plaintiffs are precluded from recovering in the present action only if the amount which they received in settlement of the malpractice action constitutes complete satisfaction of all the damages sustained as a result of Helling's death. (*Grundel* v. *Union Iron Works, supra,* 127 Cal. 438, 442; *Cole* v. *Roebling Construction Co.,* 156 Cal. 443, 448 [105 P. 255].) This raises a

question of fact which must be determined at trial. (*Ash* v. *Mortensen, supra,* 24 Cal.2d 654, 657.) Defendants are thus entitled to introduce into evidence the amount received in the settlement and to have the jury instructed that should it find in favor of plaintiffs it must deduct the amount of the settlement from any verdict. (*Laurenzi* v. *Vranizan,* 25 Cal.2d 806, 813 [155 P.2d 633]; *Steele* v. *Hash, supra,* 212 Cal.App.2d 1, 2-3.)

The judgment is reversed.

Sims, J., and Elkington, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied December 29, 1972.