Andrew Lawrence HARRIS, the Personal Representative, Administrator for the Deceased Diane Geraldine Harris, Appellant (Plaintiff),

v.

Claude O. GRIZZLE, William F. Flick, Phillip M. Sharp, Memorial Hospital of Laramie County, Wyoming, William C. Nichols, in his official capacity as Administrator of Memorial Hospital of Laramie County, Wyoming, Harry P. Smith, F. Dean Stevens, John Pattno, Fred Baggs, and Carl Emerich, all in their official capacities as members of the Board of Trustees of Memorial Hospital of Laramie County, Wyoming, and the Board of Trustees of Memorial Hospital of Laramie County, Wyoming, Appellees (Defendants).

No. 5080.

Supreme Court of Wyoming.

Aug. 20, 1979.

Barbara Beck (argued), Cheyenne, for appellant.

Nick Kalokathis, of Lathrop & Uchner, P. C., Cheyenne, Lathrop (argued), for Flick and Sharp.

G. Joseph Cardine (argued), Laramie, for appellees Memorial Hospital of Laramie County, Wyoming, Nichols, Smith, Stevens, Pattno, Baggs, and Emerich.

* ROONEY, J., having recused himself from participation in this case, GUTHRIE, J., Retired, was assigned, having been retained in active judicial service, pursuant to § 5, Art. V., Wyoming Constitution and § 5-1-106(f), W.S.1977,

No appearance for Grizzle.

Before RAPER, C. J., and McCLINTOCK, THOMAS, and ROSE, JJ., and GUTHRIE, J., Retired.*

RAPER, Chief Justice.

The appellant, as administrator of the estate of his deceased wife, seeks review of an order of the district court which dismissed his cause of action for her wrongful death against the appellees.[1] The appellant's wife was injured in an automobile accident on May 22, 1975. She was treated for her serious and disabling injuries and her condition stabilized for a time. She was readmitted to the appellee hospital on May 17, 1976, after which her condition steadily deteriorated until she died on August 1, 1976. On March 16, 1977, a wrongful death action was instituted against the driver of the vehicle who caused the disabling and ultimately fatal occurrence. On May 12, 1978, that action was settled for $13,000.00, and the suit was dismissed with prejudice. The appellant signed a general release absolving the defendant in that case from any further liability arising out of the automobile accident. No issue is raised questioning the validity or binding effect of any of these proceedings insofar as the defendant in the earlier suit is concerned. On May 18, 1978, a second suit for wrongful death was filed naming as defendants the appellees, deceased's treating surgeons and physician, the hospital where she was treated, its administrator and board of trustees. Appellant's original complaint was dismissed with leave to amend. An amended complaint was filed. The appellees moved to dismiss on several grounds. Those pertinent to this appeal are:

(1) The statute of limitations has run and the claims of the appellant are barred.

(2) The complaint fails to state a claim upon which relief can be granted.

by order of the court entered on January 1, 1979.

1. Appellee Grizzle filed no brief in this court.

(3) The appellant has split his cause of action and such is a bar to this action and the general release operates to release these appellees.

The district court granted the motion to dismiss without any statement of reason or reasons.

Appellant asserts: (1) Appellant's complaint stated a claim upon which relief can be granted; (2) The statute of limitations had not run[2]; (3) Appellant has not split his cause of action against appellees between Docket 81 Number 298, in the District Court, First Judicial District, and this case, and therefore the present action is not barred; and (4) Release of the original tort-feasor did not release appellees from liability which they may have incurred through subsequent treatment of the deceased.

We will reverse.

■ Appellees first assert that appellant's complaint is insufficient to state a claim for which relief can be granted. They accuse appellant of "recklessly" filing a complaint which does not apprise appellees of the matters they are called upon to answer. A complaint should show that the pleader has a claim upon which he is entitled to relief. *Watts v. Holmes,* Wyo.1963, 386 P.2d 718, 719. Pleadings are to be construed liberally so as to do substantial justice. *Sump v. City of Sheridan,* Wyo. 1961, 358 P.2d 637, 641–643. Under the Wyoming Rules of Civil Procedure, technical forms of pleading are not required, and· each averment of pleading should be simple, concise and direct; whether the specificity standard has been satisfied as to be determined in terms of whether the pleadings give fair notice to the opposing party and not whether it contains conclusions. *Guggenmos v. Tom Searl-Frank McCue, Inc.,* Wyo.1971, 481 P.2d 48, 51–52. In a wrongful death action, the pleadings should set out with reasonable certainty the acts on which the liability is based and all facts essential to constitute a legal cause of action for wrongful death. See *Savage v.*

*Town of Lander,* 1957, 77 Wyo. 157, 309 P.2d 152, 154. The essentials of such a wrongful death complaint are: (1) the plaintiff's capacity to sue as personal representative of the deceased; (2) that the plaintiffs are the persons entitled by statute to damages; (3) allege sufficient facts to show in what particular the defendant or defendants were negligent; (4) that the defendants' negligence was the proximate cause of death; and (5) damages. §§ 1–38–101 and 1–38–102, W.S.1977; 2 Speiser, Recovery for Wrongful Death 2d, §§ 11:48–11:53, pp. 260–271 (1975). The sufficiency of the pleading with regard to any or all of these is a matter for determination within the context of each case.

■ The only question raised here, as we view the arguments presented by the parties, is that appellant failed to specifically allege in what particulars the defendants were negligent. The complaint states as to each of the defendants that there were failures: (1) to properly diagnose the deceased's condition; (2) to render careful and prudent treatment; (3) to examine deceased carefully; (4) to attend to deceased properly; (5) and to properly supervise associates, assistants and agents under their control in deceased's care and treatment. Under the liberal rules of pleading recognized by the Wyoming Rules of Civil Procedure and the decisions of this court, conclusory allegations as to negligence are permissible. If the duty owed by the defendants to the decedent sufficiently appears to exist and to have been breached,

> " * * * [i]t is not necessary to specify particular acts or omissions of defendant which constitute matters of proof merely. Moreover, under modern, flexible rules providing for 'notice type' pleading, there is no requirement that complaint for wrongful death allege defendant's breach of a legal duty or obligation.
>
> "Under the foregoing precepts, it has generally been held, under both common law and code pleading practice, that a

---

**2.** Appellees apparently concede that the statute of limitations had not run and, therefore, we will not discuss the issues.

complaint, petition or declaration charging negligence in general terms is good on a general demurrer. *That the particulars of the negligence need not be set forth is especially true where the facts lie more properly in the knowledge of the adverse party.* * * *" (Emphasis added and footnotes omitted.) 2 Speiser, Recovery for Wrongful Death 2d, § 11:50, pp. 263–264.

See also generally, 5 Wright & Miller, Federal Practice and Procedure, Civil, §§ 1215–1218, and especially § 1249, pp. 230–233 (fn. 67).

■ The complaint is sufficient in all respects. If anything, it says *too much*. Though it may be inartfully phrased, *it does give adequate notice* to the defendants of the charges they are called upon to answer and is not subject to the motion to dismiss on the grounds of failure to state a claim on which relief maybe granted. This is especially true, because the particulars of the deceased's treatment is properly within the knowledge of the appellees. Details are available through discovery and other procedures.

Appellees next assert that appellant has split his cause of action and is thereby barred from filing this second suit and further that the release given by appellant and the survivors of the deceased to the defendant in the first wrongful death suit operates as a release to these appellees. We do not agree with either of these propositions.

Wyoming has adopted in large part the Uniform Contribution Among Tortfeasors Act, §§ 1–1–110 through 1–1–113, W.S. 1977.[3] These statutes provide the guidance for determining the questions presented here. The right to contribution among joint tortfeasors is set out in detail in § 1–1–110. Of special importance to the case at bar is § 1–1–113:

"§ 1–1–113. *Release or covenant not to sue.*

"(a) When *a release* or a covenant not to sue or not to enforce judgment is given in good faith to one (1) of two (2) or more persons liable in tort for the same injury or the same wrongful death :

"(i) It *does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide* ; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

"(ii) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor." (Emphasis added.)

Appellants gave a release in the first wrongful death action which contained the following pertinent language:

"* * * [T]he following named persons having been named as survivors of Diane G. Harris, deceased, in paragraph 2 of that certain civil action, filed as Docket 81 No. 298 in the District Court of Laramie County, Cheyenne, Wyoming, in a claim against Daniel G. Neff, Joseph M. Adragna, Ed R. Pontillo d/b/a Jo-Ed Produce and Jo-Ed Produce, a partnership, and said action having been compromised, settled and satisfied and the same having been DISMISSED WITH PREJUDICE, by an Order dated May ___,[4] 1978 signed by an Honorable Joseph F. Maier, Judge of said Court, said parties do now and herewith forever release the defendants, Daniel G. Neff, Joseph M. Adragna, Ed R. Pontillo d/b/a Jo-Ed Produce and Jo-Ed Produce a partnership, and *do acknowledge full payment and satisfaction of any claim or claims which they may have or may in the future have against said defendants growing out of the motor vehicle collision and accident described in paragraph 4 of said Complaint,* said parties being: [parties listed]." (Emphasis added.)

---

3. See 12, Uniform Laws Annotated, "Uniform Contributions Among Tortfeasors Act," pp. 57–107 (1975).

4. Apparently the blank was never filled in. The order of the district court ratifying the release was entered May 23, 1978.

■ The general rule is that joint tort-feasors may be sued separately or jointly at the election of the injured party. § 1–1–110(h), W.S.1977[5]; 2 Speiser, Recovery for Wrongful Death 2d, § 11:43, pp. 254–255 (1975). We agree with the sound reasoning found in *Helling v. Lew,* 1972, 28 Cal. App.3d 434, 104 Cal.Rptr. 789, where it was held that there is no requirement that plaintiffs must join all causes of action and all potential defendants in one wrongful death action. The court there reasoned:

"The foregoing principles make it apparent that the characterization of the action for wrongful death as joint, single, and indivisible is not restrictive. The action is joint only insofar as it is subject to the requirement that all heirs should join in the action and that the damages awarded should be in a lump sum; it is single only insofar as it must be maintained by one of the statutory designees, i. e., the personal representative or the heirs; and it is indivisible only insofar as it precludes omitted heirs from bringing subsequent and individual actions for the recovery of their individual damages. * * *" 104 Cal.Rptr. at 792.

■ There is nothing in our statutes or decisional law to warrant a conclusion that joint tortfeasors may not be sued either jointly or severally, indeed only the contrary conclusion can be drawn. As further stated by the court in *Helling v. Lew,* supra:

"The conclusion reached by us in no way conflicts with the characterization of the action for wrongful death as joint, single and indivisible. As observed in *State, Use of Bashe v. Boyce,* 72 Md. 140, 143–144, 19 A. 366, 367, 'Its object [the wrongful death statute] was to protect a defendant from being vexed by several suits instituted by or in behalf of different equitable plaintiffs for the same injury, when all the parties could with perfect convenience be joined in one proceeding. It never contemplated depriving a plaintiff of the right to sue separately different joint tort-feasors, though of course there can be but one satisfaction, no matter how many judgments may be recovered.'" Id., 104 Cal.Rptr. at 792.

See also, *Ash v. Mortensen,* 1944, 24 Cal.2d 654, 150 P.2d 876. We hold that in a wrongful death suit, such as this, successive joint tortfeasors may be sued in separate actions if the plaintiff so desires.[6] The facts of appellant's claim against the driver of the vehicle in the first case are clearly different than those of malpractice charged here. The cause or causes of death have never been judicially determined. The release given did not assume full responsibility and admitted nothing as to sole or joint causes of death, nor did it purport to fix total actual damages expressed in a money amount. The causes are obviously different, though the ultimate injury of death is indivisible.

■ The final question we face is the effect, if any, the release has upon the subsequent wrongful death suit. It does not purport to discharge these appellees and thus it cannot release them from liability. However, it would have the effect of reducing a judgment, if any, against them. § 1–1–113(a)(i), W.S.1977, supra.

■ We adopt the following rule enunciated by the Kansas Supreme Court: "Under the modern trend of decisions when a successive tort occurs at the hands of an independent tortfeasor a general release given to the original tortfeasor does not automatically release the successive tortfeasor. A successive tortfeasor may be released if it is so intended

5. Section 1–1–110(h), W.S.1977:

"(h) W.S. 1–1–110 through 1–1–113 do not affect the common law liability of the several joint tortfeasors to have judgments recovered and payment made from them individually by the injured person for the whole injury. The recovery of a judgment by the injured person against one (1) joint tortfeasor does not dis-

charge the other joint tortfeasors, from liability to the injured party."

6. Such a procedure probably creates trial problems for a plaintiff, as this opinion will later indicate. See also, *Chrysler Corporation v. Todorovich,* Wyo.1978, 580 P.2d 1123, 1130–1131; and *Bielski v. Schulze,* 1962, 16 Wis.2d 1, 114 N.W.2d 105.

or if the consideration paid for the release constitutes full compensation or is accepted as such. If the release of the original tortfeasor is not actually intended to release doctors and hospitals who have treated or may in the future treat the tort victim, and if the amount paid to the tort victim does not constitute full compensation for claims against the original tortfeasor and the doctor and the hospital as well, and was not accepted as such, the tort victim can fairly and equitably seek further recovery from the doctor and the hospital for malpractice. (Citations.)" *Fieser v. St. Francis Hospital and School of Nursing, Inc.,* 1973, 212 Kan. 35, 510 P.2d 145, 150.

See also *McMillen v. Klingensmith,* Tex. 1971, 467 S.W.2d 193. Whether a release given to the original tortfeasor allegedly responsible for an injury has been intended to release successive tortfeasors and whether the tort victim has been fully compensated are questions of fact, the latter particularly to be determined by trial. *Id.,* at 510 P.2d 151; see *Bartels v. City of Williston,* N.D.1979, 276 N.E.2d 113.

■ When a general release discloses it has been given to named releases who denied liability but made payment in settlement, then other alleged wrongdoers who were not parties to the release and made no payment toward satisfaction can fairly be called on to show that either the release which they rely on was intended to discharge them or that the releasor has received full compensation. *Fieser v. St. Francis Hospital,* supra, 510 P.2d at 151; see, *Missouri v. Crandall,* Mo.1979, 581 S.W.2d 829 (1979); *Summey v. Lacy,* Colo. App.1978, 588 P.2d 892, 894; *Callan v. O'Neil,* 1978, 20 Wash.App. 32, 578 P.2d 890, 892–893; *Alaska Airlines, Inc. v. Sweat,* Alaska 1977, 568 P.2d 916, 928–930; *Rock v. Reed-Prentice Division of Package Machinery Co.,* 1976, 39 N.Y.2d 34, 382 N.Y.S.2d 720, 346 N.E.2d 520. And see, Annot., 39 A.L.R.3d 260 (1971); Annot., 64 A.L.R.3d 839 (1975); Annot., 8 A.L.R.3d 639 (1966).

Reversed and remanded to the district court for further proceedings consistent with this opinion.