Herman **HAAKANSON, as Personal Representative of the Estates of Simeon Squartsoff and Annie Squartsoff, Deceased, Appellant,**

v.

**WAKEFIELD SEAFOODS, INC., Appellee.**

**WAKEFIELD SEAFOODS, INC., Cross-Appellant,**

v.

Herman **HAAKANSON, as Personal Representative of the Estates of Simeon Squartsoff and Annie Squartsoff, Deceased, Cross-Appellee.**

**Nos. 3428, 3492.**

Supreme Court of Alaska.

Oct. 5, 1979.

Lester W. Miller, Jr., Michelle V. Minor, Anchorage, for appellant, cross-appellee.

Murphy L. Clark, Anchorage, for appellee, cross-appellant.

Before BOOCHEVER, C. J., and RABINOWITZ and BURKE, JJ.

## OPINION

BURKE, Justice.

In this appeal we must decide if Alaska's general tolling statute, AS 09.10.140,[1] applies to extend the time limit for bringing an action set forth in AS 09.55.580,[2] the wrongful death statute.

---

1. AS 09.10.140 provided:

   *Disabilities of minority, insanity, and imprisonment.* If a person entitled to bring an action mentioned n this chapter is at the time the cause of action accrues either (1) under the age of 19 years, or (2) insane, or (3) imprisoned on a criminal charge, or in execution under sentence of a court for a term less than his natural life, the time of the disability is not a part of the time limited for the commencement of the action. But the period within which the action may be brought is not extended in any case longer than two years after the disability ceases.

   After this case was appealed, the legislature amended AS 09.10.140 in a manner not relevant to our consideration of the statute here. *See* ch. 46, § 1, SLA 1979.

2. AS 09.55.580 provides in part:

   *Action for wrongful death.* (a) When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury done by the same act or omission. The action shall be commenced within two years after the death, and the damages therein shall be such damages as the court or jury may consider fair and just, and the amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife and children when he or she leaves a husband, wife or children, him or her surviving, or other dependents. When the decedent leaves no hus-

The events leading to this appeal began on February 14, 1970. On that date Simeon and Annie Squartsoff were killed when their Volkswagen bus veered from the causeway connecting the Port Wakefield cannery to the village of Port Lions and fell into the water. The causeway was constructed and, at the time of the accident, maintained by appellant Wakefield Seafoods, Inc. The Squartsoffs left five surviving children, ranging in age from two to nine years. In August of 1970, the children's maternal grandmother, Annie Boskofsky, and appellant, Herman Haakanson, assumed the care and custody of the children.[3]

Apparently neither custodian was aware that a cause of action for wrongful death of the Squartsoffs could be filed on behalf of the children. Sometime in 1975 it came to Haakanson's attention that the children might be able to recover damages for the deaths of their parents. On June 22, 1975, more than five years after the accident, Haakanson successfully sought appointment as special administrator of the Squartsoffs' estates. In the capacity of personal representative, Haakanson filed a survival action on behalf of the estate and a wrongful death action on behalf of the children. The complaint, dated June 14, 1976, alleged that the owner of the causeway, Wakefield Seafoods, Inc., had directly and proximately caused the Squartsoffs' deaths by its negligent construction and maintenance of the causeway.

In its answer Wakefield denied liability and asserted a number of affirmative defenses, including the defense that the applicable statute of limitations had run. On August 13, 1976, Wakefield moved for summary judgment, contending that the actions were barred by the limitation period. The superior court granted the motion in a memorandum order and decision issued March 18, 1977, holding that the statutorily prescribed time limits for bringing the actions had expired. Subsequently, the court denied appellant's motion for reconsideration and Wakefield's motion for an award of attorney's fees. This appeal and a cross-appeal for attorney's fees followed.

■ The law of Alaska recognizes a cause of action for the benefit of surviving children who were dependent upon a deceased parent for care and support. Where a wrongful act causes the death, the wrongdoer must compensate these survivors for the loss of their provider. The mechanics for enforcing this duty appear in AS 09.55.-580, which states in part:

> When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury done by the same act or omission. The action shall be commenced within two years after the death . . . . . .

The personal representative of the decedent's estate has two years from the death of the decedent to bring the action on behalf of the beneficiaries under the statute. Haakanson, however, did not seek appointment as personal representative until over five years after the Squartsoffs' deaths. The court below held that failure to bring the action in that time operated as an absolute bar.

Where a decedent leaves an estate of any appreciable value, the prompt appointment of a personal representative to administer its disposal is a near certainty. Here, how-

---

band, wife or children surviving him or her or other dependents, the amount recovered shall be administered as other personal property of the deceased person but shall be limited to pecuniary loss. When the plaintiff prevails, the trial court shall determine the allowable costs and expenses of the action and may, in its discretion, require notice and hearing thereon. The amount recovered shall be distributed only after payment of all costs and expenses of suit and debts and expenses of administration.

3. In the tradition of native Alaskan villagers, the custody and care of the children were assumed by other villagers. Appellant Haakanson took in three of the children and Annie Boskofsky took in the other two. No formal guardianship was established.

ever, it appears that the only persons standing to gain from the appointment of a personal representative were children whose minority disabled them from petitioning a court for appointment. *See generally* AS 13.16.065 & 13.16.080.

While the personal representative is the party who brings suit for wrongful death in Alaska, he or she is a nominal party only. *In re Pushruk*, 562 P.2d 329, 331 (Alaska 1977). The personal representative holds any recovery as trustee for the statutory beneficiaries. *Koski v. Alaska Juneau Gold Mining Co.*, 6 Alaska 334, 336 (1921). When the decedent is survived by a spouse, child, or dependent, the action is brought on their behalf for their direct benefit and damages are measured by their loss. *In re Pushruk*, 562 P.2d at 331; AS 09.55.580. The primary purpose of the wrongful death statute is to compensate those who suffer a direct loss. *In re Pushruk*, 562 P.2d at 331. Denying recovery to the Squartsoff children would defeat this purpose.[4]

Statutes of limitation serve, on the other hand, "to encourage promptness in the prosecution of actions and thus avoid the injustice which may result from the prosecution of stale claims. Statutes of limitations attempt to protect against the difficulties caused by lost evidence, faded memories and disappearing witnesses." *Byrne v. Ogle*, 488 P.2d 716, 718 (Alaska 1971) (footnote omitted). AS 09.10.010 codifies the general policies of granting repose and assuring fresh evidence at trial by establishing certain time limits for all civil actions.[5]

The legislature has found, however, that certain circumstances outweigh the policies underlying these statutes of limitation. These circumstances have also been codified in AS 09.10.140 which provides that the disability of minority will toll the running of the statutes of limitation until the conclusion of the disability:

> If a person entitled to bring an action mentioned in this chapter is at the time the cause of action accrues either (1) under the age of 19 years, or (2) insane, or (3) imprisoned on a criminal charge, or in execution under sentence of a court for a term less than his natural life, the time of the disability is not a part of the time limited for the commencement of the action. But the period within which the action may be brought is not extended in any case longer than two years after the disability ceases.

This statute expresses the public policy that favors safeguarding the interests of minors. *See, e g., Wilbon v. D. F. Bast Co.*, 48

---

4. In construing a wrongful death statute similar to Alaska's, the Supreme Court of Massachusetts stated in *Gaudette v. Webb*, 362 Mass. 60, 284 N.E.2d 222, 230 (1972):

   > Being minors, Gaudette's children were disabled from seeking their own appointment as administrators and thus from prosecuting such a claim. See G.L. c. 193, §§ 1, 8; *McDonald v. O'Dea*, 256 Mass. 177, 178–179, 152 N.E. 341. See, generally, annotation, 8 A.L.R.3d 590. They depended upon their mother to proceed in their behalf.
   >
   > Recovery under the wrongful death statute by their mother is in part intended "to the use of" the children of the deceased. G.L. c. 229, § 1(3). As administratrix, she acts merely as a representative or conduit for the children's recovery, much like a next friend for a minor plaintiff. In a very real sense, therefore, it is the children's cause of action.

5. AS 09.10.010 provides that "[n]o person may commence a civil action except within the periods prescribed in this chapter after the cause of action has accrued, except when, in special cases, a different limitation is prescribed by statute." The limitation in the chapter of particular relevance to this case is the two year limitation period for liabilities created by statute:

   > No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not specifically provided otherwise; (2) upon a statute for a forfeiture or penalty to the state; or (3) upon a liability created by statute, other than a penalty or forfeiture; unless commenced within two years.

   AS 09.10.070. The limitation is the same as the wrongful death limitation. In the absence of a time limit in the wrongful death statute, this limitation would apply. The only difference between the two time limits is that the wrongful death statute expressly specifies the time when the time limit begins to run. See AS 09.55.580, set forth in note 3 *supra*.

Ill.App.3d 98, 8 Ill.Dec. 260, 365 N.E.2d 498 (1977).

We can think of no good reason why this expression of legislative policy should not apply to wrongful death actions. By construing the limitation period in the wrongful death statute in *pari materia* with the general limitations provisions, we are able to give effect to the policies underlying limitation of actions. In addition, by affording wrongful death beneficiaries the same procedural opportunities available to other tort claimants, we can give better effect to the compensatory purpose of wrongful death actions. *See Helling v. Lew*, 28 Cal.App.3d 434, 439, 104 Cal.Rptr. 789, 792 (1972).

We are aware that it is widely held that bringing a wrongful death action within the time limit imposed is a condition precedent to recovery.[6] This rule originated in the holding, at one time almost universally accepted, that the common law provided no cause of action for wrongful death.[7] The legislatures responded by creating statutory actions for wrongful death. Because the statutes were in derogation of the common law, they were narrowly construed by the courts.[8] Where a time limit appeared in a statute, it was considered a limitation upon the right to sue, rather than on the remedy. *The Harrisburg*, 119 U.S. 199, 214, 7 S.Ct. 140, 147, 30 L.Ed. 358, 362 (1886). As a limitation on the right rather than the remedy, the time limits were held not to be subject to the disabilities or excuses tolling ordinary statutes of limitations. *Id.*

Commentators and courts have criticized this construction because it ignores the remedial purpose of the wrongful death statutes:

Death statutes have their roots in dissatisfaction with the archaisms of the law . . .. It would be a misfortune if a narrow or grudging process of construction were to exemplify and perpetuate the very evils to be remedied. There are times when uncertain words are to be wrought into consistency and unity with a legislative policy which is itself a source of law, a new generative impulse transmitted to the legal system. "The Legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed." Its intimation is clear enough in the statutes now before us that their effects shall not be stifled, without the warrant of clear necessity, by the perpetuation of a policy which now has had its day.

*Van Beeck v. Sabine*, 300 U.S. 342, 350–51, 57 S.Ct. 452, 456, 81 L.Ed. 685, 690 (1937) (footnotes omitted) (Cardozo, J.) *quoting Johnson v. United States*, 163 F. 30, 32 (1st Cir. 1908) (Holmes, J.).[9]

Many courts appear to be moving away from the traditional construction of wrongful death statutes. Some have gone so far as to find that the common law has evolved to the extent that it now includes a common law action for wrongful death.[10] These courts interpret the action as any other tort

---

6. F. Harper & F. James, The Law of Torts § 24.7 (1956). *E. g., The Harrisburg*, 119 U.S. 199, 214, 7 S.Ct. 140, 147, 30 L.Ed. 358, 362 (1886); *The Princess Sophia*, 35 F.2d 736, 738–39 (W.D.Wash.1929), *reh. denied*, 36 F.2d 591 (W.D.Wash.1929) (construing § 1185, CLA 1913).

7. This statement first appeared in *Baker v. Bolton*, 170 Eng.Rep. 1033 (Nisi Prius 1808). The rule was adopted by the Massachusetts Supreme Court in *Carey v. Berkshire R. R.*, 1 Cush. 475, 55 Mass. 475 (1848), and became the majority view in this country. *See* cases collected in Annot., 61 A.L.R.3d 906 (1975).

8. *E. g., Hemingway v. Shull*, 286 F.Supp. 243 (D.S.C.1968).

9. *Accord*, W. Prosser, Handbook of the Law of Torts § 127, at 914 (1971); 3 C. Sands, Sutherland on Statutory Construction § 71.05 (4th ed. 1973); Pound, *Common Law and Legislation*, 21 Harv.L.Rev. 383, 385–87 (1908).

10. *Moragne v. States Marine Lines*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970) (common law of admiralty provides a cause of action for wrongful death, overruling *The Tungus v. Skovgaard*, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524 (1959), and *The Harrisburg*, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886)); *Gaudette v. Webb*, 362 Mass. 60, 284 N.E.2d 222 (1972), *overruling Carey v. Berkshire*, 1 Cush. 475, 55 Mass. 475 (1848); *Annot.*, 85 A.L.R.3d 162 (1978).

action and apply the general procedural statutes of limitations and the exceptions for disability.

■ Although we do not deem it necessary to base our holding on the common law, we are in agreement with the spirit of these decisions.[11] Since its inception, Alaska's civil law has included an action for wrongful death. *See* § 353, pt. IV (Code of Civil Procedure) Carter's Ann.Code (1900). Although an action for wrongful death is statutory, we have found no legislative intent to treat it differently than the common law tort actions.[12] To find that only the wrongful death limitations period is meant to condition the right, rather than the remedy, would sacrifice policy for the sake of formalistic legal abstractions.[13]

■ We therefore hold that the disability of a minor statutory beneficiary tolls the running of the two year time limit for commencing a wrongful death action until the disability is concluded.

The judgment of the superior court is REVERSED and the case is REMANDED to that court for further action consistent with this opinion.[14]

CONNOR and MATTHEWS, JJ., not participating.

**11.** Since Alaska has a comprehensive wrongful death statute, whether or not there is a common law right of action is immaterial except for any difference in construction of the statute based on the contention that it is in derogation of the common law. We do not find the statute to be in derogation of the common law of Alaska because, if there were no statute, we would in all probability follow the lead of the United States Supreme Court in *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), in which it established a maritime wrongful death action, and that of the Massachusetts Supreme Court which recognized a common law right of action in construing statutory language similar to ours. *Gaudette v. Webb,* 284 N.E.2d at 229.

**12.** *See* ch. 78, § 4, SLA 1972 (amending the Code of Civil Procedure, AS 09.55.580, to in-

clude action for wrongful death, formerly AS 13.20.340); ch. 163, § 1, SLA 1960 (amending predecessor statute § 61–7–3, ACLA (1949) by removing damages ceiling and adding "other dependents" to the list of statutory beneficiaries).

**13.** *See Van Beeck v. Sabine,* 300 U.S. at 350–51, 57 S.Ct. at 456, 81 L.Ed. at 690; *Maryland ex rel. Burkhardt v. U. S.,* 165 F.2d 869, 871 (4th Cir. 1947); *Helling v. Lew,* 28 Cal.App.3d at 439, 104 Cal.Rptr. at 792; *Brookshire v. Burkhart,* 141 Okl. 1, 283 P. 571, 576 (1929); *Armijo v. Wesselius,* 73 Wash.2d 716, 440 P.2d 471, 473 (1968).

**14.** In view of our holding, we need not reach appellant's equal protection claim or appellee's cross-appeal for recovery of attorney's fees.