John SHAW, Appellant,

v.

STATE of Alaska, Appellee.

No. 5311.

Court of Appeals of Alaska.

Oct. 8, 1981.

Daniel T. Saluri, Fairbanks, for appellant.

Peter A. Michalski, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

On April 10, 1973, John Shaw did not appear for sentencing on felony convictions for burglary and larceny in a building. The trial court issued a bench warrant for Shaw's failure to appear.

According to his testimony, Shaw left the state of Alaska in March of 1973, prior to sentencing, in order to find work. Thereafter, Shaw resided in St. Louis, Missouri, until September 19, 1978, at which time he returned to Alaska. On December 29, 1979, after being stopped for a minor traffic violation in Fairbanks, Shaw was arrested on the 1973 bench warrant. Six years, ten months, and four days after commission of the crime, on February 14, 1980, Shaw was indicted for his failure to appear for sentencing in the 1973 felony conviction.[1] Shaw was convicted in a jury trial and was sentenced to three years with two suspended. This sentence was made consecutive to the sentences on his burglary and larceny convictions.

---

1. AS 12.30.060(1) provides in pertinent part: *Violation of conditions.* A person released under the provisions of this chapter who wilfully fails to appear before a court or judicial officer as required...

(1) If he was released in connection with a charge of felony, or while awaiting sentence or pending appeal after conviction of an offense, is guilty of a felony....

Shaw has appealed to this court, contending that he was not prosecuted until after the five year statute of limitations had expired.[2] This appeal requires us to interpret AS 12.10.040, which reads as follows:

*When period of limitation does not run.*
(a) The period of limitation does not run during any time when the accused, with a purpose to avoid detection, apprehension, or prosecution, is outside the state or is absent from his usual place of abode within the state, but in no case shall this provision extend the period of limitation otherwise applicable by more than three years.

(b) The period of limitation does not run during any time when a prosecution against the accused for the same conduct is pending in this state.

Shaw admitted that he failed to appear for sentencing in his burglary and larceny case and that he resided outside the state for several years during the period in question. However, he contended that he believed these convictions "had been taken care of" and that he did not remain outside the state "with the purpose to avoid detection, apprehension or prosecution." Shaw argues that since he was not outside the state with the purpose to avoid prosecution, AS 12.10.040, which tolls the statute of limitations, does not apply to him and his prosecution was therefore commenced after the statute of limitations expired. The trial court ruled the statute of limitations was tolled under AS 12.10.040(b) because, with the issuance of a bench warrant for failure to appear, "a prosecution against the accused for the same conduct [was] pending in this state." AS 12.10.040(b). Since reliance on this theory results in the conclusion that the statute of limitations was tolled as a matter of law, it made Shaw's allegations under AS

12.10.040(a) irrelevant for establishing a statute of limitations defense.[3] The trial court therefore ruled that Shaw was precluded from presenting a statute of limitations defense at trial.[4]

We agree with the trial court's decision. AS 12.10.030(b) provides:

*When period of limitation runs.* A prosecution is commenced either when an indictment is found or when a warrant is issued, provided that such warrant is executed without unreasonable delay.

Shaw argues that a prosecution was not pending in the manner contemplated by AS 12.10.040(b). Specifically, Shaw asks this court, for purposes of the tolling provision, to distinguish a bench warrant, issued upon a defendant's failure to appear, from an arrest warrant based upon complaint or information. Shaw contends that the former does not evidence the state's intent to prosecute the defendant for the separate offense of failure to appear but, rather, only its intent to apprehend the accused for purposes of sentencing in the original proceeding.

Though it may well be that the statute of limitations is to be construed in favor of the defendant, *Padie v. State*, 557 P.2d 1138 (Alaska 1978), it does not follow that an unambiguous tolling provision should be denied the clear import of its language. AS 12.10.030(b) and AS 12.10.040 do not require that a warrant be based on an indictment, information, or other charging document before the statute of limitations is tolled by its issuance. Rather, under the plain language of the statutes, the period of limitations on a particular offense does not run during any time when a warrant is issued for the same conduct, provided that such

2. AS 12.10.010 provides:
*General time limitations.* A prosecution for murder may be commenced at any time. Except as otherwise provided by law, no person shall be prosecuted, tried, or punished for any offense, not murder, unless the indictment is found or the information or complaint is instituted within five years next after such offense shall have been committed.

3. The trial court did instruct the jury that in order to find Shaw guilty of failure to appear they must find that Shaw's failure to appear was wilful.

4. Shaw argues that the issue of whether he was outside the state for the purpose to avoid prosecution is a question of fact for the jury. Our disposition of this case makes it unnecessary for us to decide this question.

warrant is executed without unreasonable delay.[5]

Statutes of limitation serve to encourage promptness in the prosecution of actions and thus avoid the injustice which may result from the prosecution of stale claims. *Haakanson v. Wakefield Seafoods, Inc.*, 600 P.2d 1087 (Alaska 1979). We fail to see how permitting a bench warrant for failure to appear to stop the running of the limitation period is inconsistent with this general underlying policy. We do not believe that requiring the state to file a complaint for failure to appear and requiring the issuance of a second warrant would serve any useful purpose. We have concluded that there are sufficient safeguards provided in the statutes since the statute of limitations is only tolled for a prosecution based upon the conduct for which a warrant is issued and since the execution of the warrant may not be unreasonably delayed. We therefore find that the running of the statute of limitations was tolled for at least the one year, ten months, and five days necessary to bring prosecution of the offense of failure to appear within the five-year period allowed by the statute.

Accordingly, the judgment of the superior court is AFFIRMED.

---

5. The trial court found that there was a reasonable basis for delay in executing the warrant to toll the statute of limitations "for a period of at least the one year, ten months and five days necessary to bring prosecution of the offense charged herein within the period allowed by the statute." This finding has not been challenged on appeal.