Dale JENSEN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–868.

Court of Appeals of Alaska.

Oct. 25, 1985.

William A. Davies, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

On November 6, 1984, Dale Jensen was charged with the offense of lewd and lascivious acts toward a child, a violation of former AS 11.15.134. The offense was al-

leged to have occurred during the summer of 1979, more than five years before Jensen was charged. Jensen moved to dismiss his indictment, arguing that it was barred by the five-year statute of limitations set out in AS 12.10.010.[1] Relying on exceptions to the general five-year statute of limitations created under AS 12.10.020(c), the superior court denied Jensen's motion. Jensen subsequently entered a plea of *nolo contendere*, reserving the right to argue on appeal that his conviction was time-barred.[2] This appeal followed.

The general period of limitations for criminal offenses other than murder is five years. AS 12.10.010. However, under AS 12.10.020(c), an exception to the five-year period is carved out for certain sexual assaults:

> Even if the general time limitation has expired, a prosecution under AS 11.41.410–11.41.460 for an offense committed against a person under the age of sixteen may be commenced within one year after the crime is reported to a peace officer or the person reaches the age of sixteen, whichever occurs first. This subsection does not extend the period of limitations by more than five years.[3]

On appeal, the state acknowledges that Jensen's charge, which was prosecuted under former AS 11.15.034, is not "a prosecution under AS 11.41.410–11.41.460." Thus, Jensen's case does not fall within the ambit of AS 12.10.020(c), but, rather, is governed by the five-year general period of limitations set out in AS 12.10.010. Because a period of more than five years elapsed between the time of the alleged offense and the date of Jensen's charge, the state concedes that prosecution was barred by the statute of limitations.

In accordance with *Marks v. State*, 496 P.2d 66, 67–68 (Alaska 1972), we have determined that the state's concession of error is supported by the appellate record and has legal foundation. By its plain meaning, AS 12.10.020(c) extends the general five-year period of limitations only in cases prosecuted under the statutory provisions specifically included therein: AS 11.41.410–11.41.460.[4] Jensen was not prosecuted for violation of a statute referred to in AS 12.10.020(c). We hold that Jensen's prosecution was barred by AS 12.10.010.

The conviction is REVERSED.[5]

---

1. AS 12.10.010 provides:
   A prosecution for murder may be commenced at any time. Except as otherwise provided by law, no person shall be prosecuted, tried, or punished for any offense, not murder, unless the indictment is found or the information or complaint is instituted within five years next after such offense shall have been committed.

2. Jensen's plea was entered pursuant to *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974).

3. The statutory language is quoted in the form that was in effect when Jensen's case was considered by the superior court. A subsequent amendment to AS 12.10.020(c) was adopted by the legislature in 1985 but is not relevant to the issue presented in this case.

4. To the extent that AS 12.10.020(c) is not entirely unambiguous, it is well settled that statutes of limitations are to be liberally construed to favor repose, *Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156, 161 (1970), and that ambiguities are to be resolved in favor of the defendant, *Shaw v. State*, 634 P.2d 381, 382 (Alaska App.1981).

5. The parties have discussed a number of other points relating to the interpretation of AS 12.10.020(c) and its application to this case. In light of our acceptance of the state's concession, we express no views concerning these issues. Similarily, our disposition makes it unnecessary for us to decide Jensen's sentence appeal, which is now moot.