*961 GOULD, Circuit Judge,
concurring.
I write separately and additionally to express regret that we have no ability, in this diversity case, to reexamine controlling Oregon precedent on the state constitutional remedy clause issue and to allow a remedy to be given to the decedent’s daughter. The Oregon Supreme Court and its intermediate appellate courts have consistently held that there was no common law right to recover for wrongful death. The Oregon Supreme Court has twice expressed misgivings about its precedent. Storm v. McClung, 334 Or. 210, 47 P.3d 476, 482 & n. 4 (2002) (explaining that “[t]his court has previously has been apprised of the questionable premise underlying the widely held view that there was no common-law action for wrongful death [and] acknowledged as much” but declining to consider the question because it “is beside the point in this case”); Goheen v. Gen. Motors Corp., 263 Or. 145, 502 P.2d 223, 225-27 (1972) (reviewing history of wrongful death actions in Oregon and stating that “[although there may be some merit in that view [that Oregon had a common law right of action for wrongful death], our own previous decisions are to the contrary, and we prefer to rest our decision in this case on other grounds”). Nonetheless, the Oregon Supreme Court has not expressly overruled its prior precedent, and we are not at liberty to alter a state’s established case law on a state law issue. It is further regrettable that we cannot properly tender the remedy clause issue to the Oregon Supreme Court for its decision, because the Oregon Supreme Court has been explicit in setting its certification guidelines, and under those standards this issue may not now be certified. If change is to come in Oregon’s state law, bringing Oregon into alignment with the growing number of other jurisdictions that recognize a common law wrongful death action, LaFage v. Jani, 166 N.J. 412, 766 A.2d 1066, 1079 (2001); Haakanson v. Wakefield Seafoods, Inc., 600 P.2d 1087, 1092 & n. 11 (Alaska 1979); Wilbon v. D.F. Bast Co., 73 Ill.2d 58, 22 Ill.Dec. 394, 382 N.E.2d 784, 785-87 (1978); Rohlfing v. Moses Akiona, Ltd., 45 Haw. 373, 369 P.2d 96 (1961), overruled on other grounds by Greene v. Texeira, 54 Haw. 231, 505 P.2d 1169 (1973); Gaudette v. Webb, 362 Mass. 60, 284 N.E.2d 222, 229 (1972), it must come by action of the Oregon Supreme Court, and not from this Court.