**Glen D. GUGGENMOS and Ellen V. Guggenmos, Appellants (Defendants below),**

v.

**TOM SEARL–FRANK McCUE, INC., Appellee (Plaintiff below).**

No. 3896.

Supreme Court of Wyoming.

Feb. 24, 1971.

Edward T. Lazear of Loomis, Lazear, Wilson & Pickett, Cheyenne, for appellants.

James A. Tilker of Kline, Tilker & Lynch, Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

Mr. Justice McEWAN, delivered the opinion of the court.

This is an appeal from a summary judgment granted in favor of appellee-plaintiff, a licensed real estate broker, and against both appellants-defendants on one count, and against the appellant-defendant, Glen D. Guggenmos, on the second count. The plaintiff filed its complaint to which the defendants answered and at the same time filed a motion for summary judgment, which was followed by a motion for summary judgment by the plaintiff. The record is not long (18 pages), there having been only the complaint, answer, defendants' motion for summary judgment, plaintiff's motion for summary judgment, and the judgment on the motion for summary judgment. There were no affidavits filed

by either party so we look only to the complaint, answer and the motions.

The complaint was as follows:

### "First Count

"1. That plaintiff is, and at all times mentioned herein was, a duly licensed real estate broker, authorized to do business in the State of Wyoming, and principally engaged in such.

"2. That at all times herein mentioned, defendants were husband and wife, acting by and for each other and as agents for each other.

"3. That on or about April 10, 1970, defendants entered into a listing contract with plaintiff, entitled 'Real Estate Broker Contract'," (this was signed by Glen Guggenmos as owner) "attached hereto and marked 'Exhibit A', covering the sale of the therein described real property, owned by defendants.

"4. That on or about April 25, 1970, plaintiff furnished and produced willing and able purchasers of said property who made a written offer, at the listing price of $16,000.00, on terms which defendants consented to.

"5. That defendants further accepted said written offer on or about April 28, 1970, as shown by the 'Purchase Offer, Acceptance and Receipt'," (this was signed by Ellen V. Guggenmos as seller) "a copy of which is attached hereto and marked 'Exhibit B'.

"6. That, pursuant to the directions of defendants to prepare for the closing of the sale of said property, plaintiff incurred expenses for abstracting, title examination and escrow instructions in the sum of $52.00.

"7. That subsequent thereto defendants declined to sell said listed property or to pay the agreed commission ($960) and expenses ($52) to plaintiff.

"8. By reason thereof, defendants owe to plaintiff the sum of $1,012.00.

### "Second Count

"1. and 2. Plaintiff incorporates Paragraphs 1 and 2 of its First Count by reference.

"3. That on or about April 10, 1970, defendants entered into a listing contract with plaintiff, entitled 'Real Estate Broker Contract'," (this was signed by Glen Guggenmos as owner) "attached hereto and marked 'Exhibit C', covering the sale of the therein described real property, owned by defendants.

"4. That on or about May 18, 1970, plaintiff furnished and produced a willing and able purchaser of said property who made a written offer, at the listing price of $35,000.00, on terms which defendants consented to, which terms are set forth in 'Exhibit D' attached hereto.

"5. That subsequent thereto defendants declined to sell said listed property or to pay the agreed commission ($2,100).

"6. By reason thereof, defendants owe to plaintiff the sum of $2,100.00.

"WHEREFORE, plaintiff prays for Judgment as follows:

"(a) On its First Count, in the sum of $1,012.00, .

"(b) On its Second Count, in the sum of $2,100.00.

"(c) For its costs incurred herein."

The defendants answered as follows:

### "ANSWER TO FIRST COUNT

"1. Admit that Plaintiff is a licensed real estate broker."

2. (Sets forth the legal description of the property.)

"3. That attached hereto is a photostatic copy of the Deed by which the defendants acquired said property; and that by the terms of said deed, said property is owned by 'Glen D. Guggenmos and Ellen V. Guggenmos, husband and wife.'

"4. That the purported 'Real Estate Broker Contract', Plaintiff's Exhibit A, executed by Glen Guggenmos alone, and

which his wife Ellen V. Guggenmos failed to execute, is null and void and of no force or effect and is not binding on the said wife.

### "ANSWER TO SECOND COUNT

"1. Admit that Plaintiff is a licensed real estate broker."

2. (Sets forth the legal description of the property.)

"3. That attached hereto is a photostatic copy of the Deed by which the defendants acquired said property; and that by the terms of said deed, said property is owned by 'Glen D. Guggenmos and Ellen V. Guggenmos, husband and wife.'

"4. That the purported 'Real Estate Broker Contract', Plaintiff's Exhibit C, executed by Glen Guggenmos alone, and which his wife Ellen V. Guggenmos failed to execute, is null and void and of no force or effect and is not binding on the said wife.

"WHEREFORE, Defendants pray that the complaint of the Plaintiff be dismissed at the Plaintiff's cost and that judgment be for the Defendants."

The defendants moved the court to enter a summary judgment on the grounds there was no genuine issue as to any material fact and the defendant was entitled to a judgment as a matter of law. The motion was based upon the following:

" * * * the legal title to both pieces of property were vested in 'Glen D. Guggenmos and Ellen V. Guggenmos, husband and wife', that the Wyoming case of Terry vs. Hensen, 75 Wyo. 444 [297 P.2d 213] provides that where property has been conveyed to husband and wife by Warranty Deed, it is held by the 'entirety'. Further that an estate by entirety is a title and fee which is not indivisible between husband and wife and cannot be eliminated or in any way disposed of unless they agree to the contrary so that neither spouse can alone divest the other against the wishes of the other during the life of both.

"THAT THEREFORE since the wife did not execute the contract with her husband the same is not binding upon her and is of no force or effect and therefore likewise no genuine issue of material fact."

The plaintiff then moved for a summary judgment on the ground there was no genuine issue as to any material fact as shown by defendants' answer and motion for a summary judgment, and plaintiff is entitled to judgment as a matter of law, and submitted the following:

"1. This is not an action to determine the validity of a conveyance of property, but rather relates to money damages for breaches of contracts for services.

"2. It is alleged and admitted that defendants were acting by and for each other.

"3. That defendant Ellen V. Guggenmos accepted and ratified the listing arrangement made by her husband.

"4. That, arguendo, even if defendants had not been acting for each other, defendant Glen D. Guggenmos would be liable for damages for a breach of the contracts he signed and agreed to. A husband could not escape payment of a note on the grounds that his wife did not sign an attendant mortgage."

The trial court found that the pleadings and admission show there was no genuine issue as to any material fact and the plaintiff was entitled to judgment as a matter of law, and ordered that plaintiff have and recover of defendants, Glen D. Guggenmos and Ellen V. Guggenmos, upon plaintiff's first count the sum of $1,012 and plaintiff's cost, and the plaintiff have and recover of defendant, Glen D. Guggenmos, the sum of $2,100 upon plaintiff's second count, and further, that defendants' motion for summary judgment be denied. Whereupon the defendants filed their notice of appeal.

The defendants' brief does not set forth "what the issues were" as required by Rule 12(b) (2) of the Rules of the Supreme Court of Wyoming, and does not contain "a specific enumeration by appellants of the

points upon which they rely for reversal or modification" as required by Rule 12(c)(4). It is, therefore, difficult for us to determine specifically what the defendants believe the issues to be and the points upon which they rely for reversal.

The defendants limited their argument before this court to the question of whether or not there was a genuine issue of material fact. In support of this contention, they argued that they had a good defense because the offers from the prospective purchasers differed from the listing contracts in that the defendants as owner-seller listed the properties to be sold for cash, whereas the offers from the prospective purchasers were for term payments. They also argued that there was no showing that the husband and wife were acting for each other or were agents for each other; that the terms of the offers were consented to by the defendants; or that the defendants accepted the offers. However, the defendants did not deny these allegations in their answer.

■ Rule 8(d), W.R.C.P. provides that "Averments in a pleading to which a responsive pleading is required, * * * are admitted when not denied in the responsive pleading. * * *" Thus, the defendants' failure to deny the averments in the preceding pleading constitutes an admission of the facts alleged in those averments. Wright & Miller, Federal Practice and Procedure: Civil § 1279.

The defendants had several opportunities to amend their answer but elected not to do so. They did not seek leave to amend at the hearing on the motions for summary judgment, after the trial court announced its decision, prior to the entry of summary judgment, or even afterwards.

■ Also, the record does not disclose that these points were argued before the trial court, and thus the defendants cannot raise them for the first time on appeal. The defendants cannot at the appellate level ask this court to review matters which they did not present to the trial court. As a general rule the parties are bound by the theory advanced below. Laramie Printing Trustees v. Krueger, Wyo., 437 P.2d 856, 859. We have repeatedly said it is a rule of almost universal application that, with the exception of such matters as jurisdiction or other fundamental matters, the supreme court will not consider questions which have not been considered by the district court. Moore v. Kondziela, Wyo., 405 P.2d 788, 791.

■ The defendants further argued before this court that the allegations in the plaintiff's complaint were merely legal conclusions which would not be admitted for failure to deny. This argument may have had some merit under code pleading, but the defendants have failed to consider the effect of our Rules of Civil Procedure. Rule 8(e)(1) makes it clear that technical forms of pleading no longer have a place in our practice, and that each averment of a pleading shall be simple, concise and direct. Under the rules, the pleader need only interpose a short and plain statement of the claim showing that the pleader is entitled to relief. Thus, whether the specificity standard of Rule 8(a)(2) has been satisfied is to be determined in terms of whether the pleading gives fair notice to the opposing party and not whether it contains conclusions.[1] As also stated in Wright & Miller, Federal Practice and Procedure: Civil § 1218 at 134, it is clear from an examination of the official forms that the rules do not prohibit the pleading of facts or legal conclusions as long as fair notice is given to the parties. For example, our Form 9 is a complaint for negligence wherein the allegation states that the defendant "negligently" drove a motor vehicle against the plaintiff. No specification of the facts upon which the conclusion of negligence is based is included. It is apparent that if this allegation is not denied it will be deemed admitted.

---

1. See Wright & Miller, Federal Practice and Procedure: Civil § 1218.

It thus appears the defendants' sole defense was that the listing contracts were void because one of the two tenants by the entirety did not sign them.

There were no material facts in dispute, and, as we said in Fugate v. Mayor and City Council of Town of Buffalo, Wyo., 348 P.2d 76, normally, where the only conflict is as to what legal conclusion should be drawn from the undisputed facts, a summary judgment should be entered.

Since the matter became a question of law, the trial court was obligated to enter judgment for one of the parties based upon their motions for summary judgment upon the sole question of whether or not the real estate broker contracts were void because they were not signed by both the husband and wife where the properties were owned by them as tenants by the entirety.

The defendants, in their motion for summary judgment and in their brief, cited Terry v. Hensen, 75 Wyo. 444, 297 P.2d 213, but did not with any specificity point out how the holdings therein applied to the case at hand. That case was a mortgage foreclosure action by mortgagee against a husband and wife as mortgagors. The wife disaffirmed the note and mortgage by reason of her minority. It was held that the indebtedness owing to the mortgagee was the indebtedness of the husband alone, and thus the property held in tenants by the entirety could not be subject to indebtedness during the life of the wife and without her consent.

The defendants in their answer alleged the real estate broker contract was null and void because the wife did not execute the contracts and apparently relied upon the Terry case. The Terry case did not hold the mortgage was null and void but only that it could not be enforced against property held as tenants by the entirety where the wife did not join into or consent to the note and mortgage.

What defendants failed to distinguish is that certain contracts do not divest or convey title, but only relate to services or money in connection with property. For example, a husband who enters into a contract to have the family home painted is liable for the price notwithstanding the question of liability of the wife. In the instant case the husband contracted for services.

Although the defendant, Mr. Guggenmos, alone, could not convey good title, he has an obligation for personal services. There is no endeavor in this case to divide or sever the title to property held in tenancy by the entirety. The obligor of a personal promise to pay a commission relating to real estate cannot be permitted to escape because his or her spouse could not be obligated to join in the conveyance.

In the annotation in 10 A.L.R.3d 665, 699, a substantial area of authority is cited for the proposition that:

"Generally speaking, it is no defense to a real-estate broker's suit for his commission that the eventual sale was frustrated because of the failure or refusal of the principal's spouse to join in the contract of sale."

We believe the trial court was correct in granting plaintiff's motion for summary judgment against the defendant, Glen Guggenmos, on both counts on the basis that he signed the "Real Estate Broker Contract" on both pieces of property and was, therefore, individually liable thereon; and against the defendant, Mrs. Guggenmos, on the first count on the basis that she had accepted the offer and agreed to pay the real estate commission.

Affirmed.