CENTRIC CORPORATION, a Colorado corporation, Appellant (Defendant),

v.

DRAKE BUILDING CORPORATION, a Colorado corporation, Appellee (Defendant),

Reichhold Chemicals, Inc., and Kaiser, Inc. (Defendants).

No. 85–50.

Supreme Court of Wyoming.

Oct. 17, 1986.

J.N. Murdock, Reeves & Murdock, Casper, for appellant.

Daniel M. Fowler and Colin C. Campbell, Wood, Ris & Hames, P.C., Denver, Colo., and John D. Rossetti, Greenhalgh, Bussart, West & Rossetti, Rock Springs, for appellee.

Before THOMAS, C.J., ROONEY * and BROWN, JJ., and GUTHRIE and RAPER, JJ., Retired.

THOMAS, Chief Justice.

The most intriguing question presented in this case is the proposition advanced by the appellee, Drake Building Corporation, to support the decision of the district court that the Wyoming statutes providing for contribution among joint tortfeasors constitute an exclusive remedy which forecloses a buyer of goods from pursuing remedies under the Uniform Commercial Code. Other questions presented by the parties encompass the existence of and pleading of warranty theories by Centric Corporation; whether there exists a binding and final adjudication of these claims; and whether Centric's right to recover for warranties is barred by the provisions of § 30–1–131, W.S.1977.

This case arises out of the same factual situation involved in *Kirby Building Systems v. Mineral Explorations Company*, Wyo., 704 P.2d 1266 (1985), and the under-

* Retired November 30, 1985

lying facts are outlined in the court's opinion in that case. The action initially was brought by the owners of the Sweetwater Uranium Mill to recover damages arising from a fire in one of the structures erected for the mill. Centric Corporation, pursuant to a subcontract with the firm that had agreed to furnish engineering, procurement and construction services for the mill, agreed to furnish pre-engineered, metal buildings to house the mill facilities and equipment. The specifications required that these buildings be lined with fiberglass panels which, according to the specifications, were to be fire resistant. Centric Corporation purchased the buildings and the liner panels from Kirby Building Systems through Drake Building Corporation, a franchisee of Kirby. A fire destroyed the building after the fiberglass liner panels caught fire from a spark from a welder. The owners then filed an action against a number of firms involved in the construction of the building including Centric Corporation and Drake Building Corporation. The damages which resulted from the fire were found by the jury to be $8,392,216.90. The defendants cross-claimed against one another, and prior to trial the district court ruled that the main action would proceed only on a negligence theory. It was the trial court's view that negligence essentially encompassed the alternative theories of breach of warranty, breach of contract, and strict liability of tort asserted by the plaintiffs.

Centric and Drake moved for summary judgment on their respective cross-claims against one another. The court did not rule on the motions until after the case of the plaintiffs had proceeded to trial on the negligence theory. In that action, Drake was found to be 35% negligent, and Centric was found to be 20% negligent. The result of that case was affirmed in *Kirby Building Systems v. Mineral Explorations Company*, supra. Because Drake had settled with the plaintiffs in accordance with the provisions of the contribution among joint tortfeasors statute, it was not responsible for any contribution to the negligence judgment obtained by the plaintiffs. While the appeal from the judgment entered upon the jury verdict was pending in this court and the record was present here the district judge ordered the parties to submit briefs in support of their respective summary judgment motions on the cross-claims.

The district court then ruled that there were no claims for contribution from parties who had settled for common-law indemnity or for contractual indemnity. The district judge noted that he could not determine from the record whether contract and breach of warranty claims had been pleaded by Centric against Drake, but he recognized that Drake relied upon the prior ruling of the court to the effect that warranty claims were subsumed by the negligence claim. The court thereupon entered a summary judgment in favor of Drake with respect to Centric's cross-claim. Centric has appealed from the summary judgment.

In its brief in chief, Centric presents the following issues for the court to determine:

"I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT CENTRIC HAD NO CONTRACTUAL CLAIMS FOR BREACH OF WARRANTY

"A. The Contract Existing Between Drake Building and Centric Established An Express Warranty And Implied Warranties Which Were Breached When Drake Building Delivered To Centric Fiberglass Panels That Did Not Meet Or Conform To The Specifications Of A Fire Retardant Found in Section 8.2.1 Of The Specifications.

"B. The Contributory Negligence of Centric Does Not Prevent A Recovery By Centric Under The Wyoming Uniform Commercial Code.

"C. Centric's Right of Recovery Against Drake Building Under the Wyoming Uniform Commercial Code Is Not Barred By The Provisions of Section 30–1–131 Of the Wyoming Statutes.

"D. Centric's Cross-claim Was Not Adjudicated By The Trial Court's Order of January 13, 1984, Or, Alterna-

tively, If Such Adjudication Occurred, The Trial Court Erred As A Matter Of Law.

"E. Drake Building Should Not Have Been Surprised By The Claims for Breach of Warranties As The Pleadings Were Adequate To Put The Appellee On Notice Of Such Claims.

"II. THE TRIAL COURT ERRED IN GRANTING DRAKE BUILDING'S MOTION FOR SUMMARY JUDGMENT AS TO CENTRIC'S CLAIM FOR INDEMNITY

"A. The Finding Of The Jury In The Underlying Case That Centric Was Negligent Does Not Preclude Centric From Recovery Against Drake Building For Indemnity.

"B. The Provisions of Section 30–1–131 Are Inapplicable And Do Not Otherwise Affect The Right Of Centric To Recover Against Drake Building."

Drake in its brief of appellee states the issues to be:

"II. THE TRIAL COURT DID NOT ERR IN HOLDING THAT CENTRIC HAD NO WARRANTY CLAIMS

"A. Centric's Warranty Claims are Barred Under The Wyoming Contribution Act.

"B. Warranty Claims Were Properly Dismissed on the Factual Record Before the Court.

"III. THE TRIAL COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT ON CENTRIC'S CLAIM FOR INDEMNITY

"A. Centric's Claim for Common Law Indemnity is Barred By The Court's Finding of Centric's Active Negligence.

1. Section 30–1–131, W.S.1977, provides as follows:

"(a) All agreements, covenants or promises contained in, collateral to or affecting any agreement pertaining to any well for oil, gas or water, or mine for any mineral, which purport to indemnify the indemnitee against loss or liability for damages for:
"(i) Death or bodily injury to persons;
"(ii) Injury to property; or
"(iii) Any other loss, damage, or expense arising under either (i) or (ii) from:

"B. Centric's Indemnity Claim is Barred By the Provisions of W.S., § 30–1–131 (1977).

"C. Centric May Not Assert a Claim for Partial Common Law Indemnity."

In its reply brief, Centric argues:

"I. THE TRIAL COURT ERRED IN GRANTING DRAKE BUILDING'S MOTION FOR SUMMARY JUDGMENT WITH REGARD TO CENTRIC'S WARRANTY CLAIMS AS THERE EXISTED GENUINE ISSUES OF MATERIAL FACT

"A. The Specifications Required That the Provisions of Section 8.2.1 Be Met, Drake Building Was Aware of Such Specifications and Understood that Compliance was Required Under the Contract.

"B. Centric Bargained For Compliance With the Specifications, Including Those Contained in Section 8.2.1.

"II. SETTLEMENT UNDER SECTION 1–1–113(a)(ii), W.S., 1977, DOES NOT BAR CENTRIC'S WARRANTY CLAIMS GRANTED UNDER THE WYOMING UNIFORM COMMERCIAL CODE"

We are satisfied that the only issues to be addressed are:

I. Did Centric appropriately plead warranty and contract theories against Drake?

II. Is Centric foreclosed from its claim for breach of warranty by virtue of the statutes relating to contribution among tortfeasors?

III. Is Centric foreclosed by the provisions of § 30–1–131, W.S.1977? [1]

"(A) The sole or concurrent negligence of the indemnitee or the agents or employees of the indemnitee or any independent contractor who is directly responsible to such indemnitee; or
"(B) From any accident which occurs in operations carried on at the direction or under the supervision of the indemnitee or an employee or representative of the indemnitee or in accordance with methods and means specified by the indemnitee or employees or representatives of the indemnitee, are against public

In the pleadings we find the following language encompassed in Centric's cross-claim against Drake:

"* * * Claims have been asserted against Centric Corporation in the above-captioned matter and without admitting the allegations directed against Centric therein, such allegations are incorporated herein. * * *

"* * * Centric realleges all the allegations contained above and further alleges:

"1. Drake Building Corporation is in the business of selling building materials. If it is determined that the material incorporated in Plaintiff's building was defective or failed to conform to the aforementioned specifications, then Drake, was negligent in failing to properly arrange for the ordering and shipping of materials to the job site which would conform to such specifications or would otherwise not be defective.

"2. Drake Building Corporation entered into a contract with Centric, on or about January 24, 1978 wherein it agreed to furnish certain buildings to the job site which would comply with the specifications, aforementioned. If the material shipped was defective or otherwise failed to meet such specifications, then Drake Building Corporation breached this agreement.

"3. If it is determined that materials furnished were defective or failed to conform to the specifications, then such failure is due to the negligence and breach of contract of Drake.

"WHEREFORE, Centric seeks contribution and indemnification, including attorney's fees from Drake Building Corporation, and such other and further relief deemed appropriate."

We conclude that these allegations are sufficient within the requirements of Rule 8, W.R.C.P., to place them in issue in the case. Among the provisions found in Rule 8, W.R.C.P., as they have been construed by the court, are the following:

(1) Rule 8(a)(1), only requires a cross-claim to contain, "a short and plain statement of the claim showing that the pleader is entitled to relief."

(2) Rule 8(a)(2), provides that a demand for relief shall be included.

(3) Rule 8(e)(1), provides that: "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." See *Guggenmos v. Tom Searl-Frank McCue, Inc.*, Wyo., 481 P.2d 48, 51 (1971) ("technical forms of pleading no longer have a place in our practice * * * "). Accord, *Harris v. Grizzle*, Wyo., 599 P.2d 580, 583 (1979).

(4) Rule 8(e)(2), allows claims to be stated alternately or hypothetically. See also Rule 8(a), (alternative relief may be demanded).

(5) Rule 8(f), provides that "[a]ll pleadings shall be so construed as to do substantial justice" and we have held that pleadings are to be liberally construed to do justice. *Sump v. City of Sheridan*, Wyo., 358 P.2d 637, reh. denied, 359 P.2d 1008 (1961); *Johnson v. Aetna Casualty & Surety Company of Hartford, Connecticut*, Wyo., 608 P.2d 1299, 1302 (1980).

This court, in determining whether a pleading meets the specificity standard of Rule 8(a)(2), asks only whether the pleading gives fair notice. *Guggenmos v. Tom Searl-Frank McCue, Inc.*, supra, 481 P.2d at 51; *Johnson v. Aetna Casualty & Surety Company of Hartford Connecticut*, supra, 608 P.2d at 1302. The pleader need only plead the operative facts to give notice. *Harris v. Grizzle*, supra, 599 P.2d at 583; *Johnson v. Aetna Casualty & Surety Company of Hartford, Connecticut*, supra, 608 P.2d at 1302.

Rule 10(c), W.R.C.P., provides:

policy and are void and unenforceable to the extent that such contract of indemnity by its terms purports to relieve the indemnitee from loss or liability for his own negligence. This

provision shall not affect the validity of any insurance contract or any benefit conferred by the Worker's Compensation Law [§§ 27–12–101 to 27–12–805] of this state."

"(c) *Adoption by reference; exhibits.* —Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

The adoption by reference clearly is permissible under these rules in accordance with interpretations of the identical provision in the Federal Rules of Civil Procedure. See 5 Wright & Miller, Federal Practice and Procedure, § 1326 (1969). With the provisions of both Rules 8 and 10, W.R.C.P., in mind we have no equivocation in stating that Centric's pleadings properly put in issue its claims against Drake for breach of contract and its breach of warranty theories. We hold that the district court erred in making any determination that the cross-claim did not state a claim for a breach of contract or warranty.

■ The trial court, however, concluded that its earlier ruling which merged all claims of plaintiff into the negligence theory disposed of this issue so far as Centric and Drake are concerned. We do not agree that the record demonstrates that the earlier ruling achieved that result, and we note that the district court did not have the record before it when it held that the earlier ruling also applied to Centric. We also have in mind the provisions of Rule 42, W.R.C.P., pursuant to which the court may order a separate trial of any claim, cross-claim, et cetera. We conclude the parties were justified in believing that a separation for trial was the disposition made by the district court of the cross-claims in this instance and that those claims were not disposed of in the ruling with respect to the theories of the plaintiffs.

■ It also appears that the district court concluded that Drake and Kirby had not warranted the panels as fire resistant and further that it disposed of that claim in part because of no privity of contract between the original plaintiffs and Kirby. Apparently the same reasoning was invoked in the dispute between Drake and Centric, but the record is clear that Drake did contract to furnish the prefabricated buildings to Centric including the liner panels. That contract incorporated the specifications of the general contractor on behalf of the owner for fire retardant liner panels, and there was an express warranty that the materials provided would conform to the specifications. See *Albin Elevator Company v. Pavlica*, Wyo., 649 P.2d 187 (1982). Drake under the circumstances expressly warranted that the goods would conform to the description, which was a part of the basis of the bargain. Section 34–21–230(a)(ii), W.S.1977. The fact that Centric accepted the panels does not inhibit other remedies for nonconformity, § 34–21–270(b), W.S.1977, although Centric could not then reject the materials. Section 34–21–270(c)(i), W.S.1977, places a burden upon Centric to notify Drake within a reasonable time after it discovered the nonconformity, and it then is permitted to recover for the nonconformity the difference between the value of the goods accepted and the value they would have had if they had been as warranted as well as incidental and consequential damages in a proper case. Section 34–21–293, W.S.1977.

■ We must view the evidence in this case in the light most favorable to Centric, the party opposing Drake's motion for summary judgment. *Noonan v. Texaco Inc.*, Wyo., 713 P.2d 160 (1986); *Reno Livestock Corporation v. Sun Oil Company*, Wyo., 638 P.2d 147 (1981); *DeHerrera v. Memorial Hospital of Carbon County*, Wyo., 590 P.2d 1342 (1979). In so doing we find that genuine issues of material fact exist (at least as to whether the specifications were a part of the basis of the bargain between Centric and Drake resulting in an express warranty, as to the existence of any implied warranty, as to any other breach of the contract, and if any of these exist, as to the damages attributable to any breach of contract or warranty) which inhibit the entry of a summary judgment for Drake. See *Osborn v. Manning*, Wyo., 685 P.2d 1121 (1984). It was error for the trial court to grant Drake's motion for summary judgment on the ground that there were no contractual warranties or obligations owed to Centric.

■ We are satisfied that the provisions of the statute relating to contribution among joint tortfeasors, § 1--1-113(a)(ii), W.S.1977, do not inhibit the contractual remedy of Centric in this instance. Centric's remedies for breach of contract and breach of express and implied warranty arise under the provisions of the Uniform Commercial Code, §§ 34-21-293 and 34-21-294, W.S.1977. The contribution statutes and the Uniform Commercial Code have a different purpose and cannot be related in the way asserted in this instance by Drake. Contribution applies only in tort. *Loh v. Safeway Stores, Inc.,* 422 A.2d 16, 47 Md. App. 110 (1980); *Rowe v. John C. Motter Printing Press Co.,* 273 F.Supp. 363 (D.R.I. 1967); *Stone & Webster Engineering Corp. v. Heyl & Patterson Inc.,* 261 Pa.Super. 1359, 395 A.2d 1359 (1978). See also cases collected at 12 U.L.A. 73, Uniform Contribution Among Tortfeasors Act, § 1; Annot., 34 A.L.R.2d 1107, § 2 (1977). Contribution was designed to solve those situations in which several parties without any other relationship find themselves responsible for personal or property damages to another person or persons. It was adopted to ease the strict requirements of common-law indemnity and to avoid an earlier rule prohibiting contribution. The provisions of the Uniform Commercial Code, on the other hand, were adopted to solve contractual disputes between buyers and sellers of goods.

■ There is no question that as a joint tortfeasor Centric could not seek contribution against Drake, but as a party to a contract its remedies are not inhibited by the statute providing for contribution among joint tortfeasors. In *Pan American Petroleum Corporation v. Maddux Well Service,* Wyo., 586 P.2d 1220 (1978), we criticized an attempt to set up a similar dilemma and confuse the law of tort and the law of indemnity when we addressed the issue of whether Maddux was entitled to summary judgment on Pan American's third-party complaint on the ground that Pan American was not liable to the original party with whom Pan American had settled. We noted the independent obligations between the parties. In *Cline v. Sawyer,* Wyo., 600 P.2d 725 (1979), we also recognized that in a building contract situation a breach of an implied warranty can be presented as a theory of recovery as well as a tort action and appropriate findings can be made on each claim.

We acknowledge that in an action to recover its damages pursuant to the Uniform Commercial Code, Centric is charged with the burden of showing that its damages were "proximately resulting" from Drake's breach of warranty. A number of courts, however, have indicated that the purchaser's negligence is no defense to a breach of warranty claim. *United States v. Aerodex, Inc.,* 469 F.2d 1003, 1012 (5th Cir.1972); *Lewis v. Mobil Oil Corporation,* 438 F.2d 500 (8th Cir.1971); *Texsun Feed Yards, Inc. v. Ralston Purina Co.,* 447 F.2d 660 (5th Cir.1971); *Refinery Equipment v. Wickett Refining Co.,* 158 F.2d 710, 712 (5th Cir.1947); *Young & Cooper, Inc. v. Vestring,* 214 Kan. 311, 521 P.2d 281, 293 (1974); *R.I. Lampus Co. v. Neville Cement Products Corp.,* 232 Pa.Super. 242, 336 A.2d 397, 406 (1975); *Signal Oil & Gas Company v. Universal Oil Products,* 572 S.W.2d 320 (Tex.Sup.Ct.1978); *Indust-Ri-Chem Laboratory, Inc. v. Par-Pak Company, Inc.,* Tex.Civ.App., 602 S.W.2d 282 (1980), citing *Holm v. Hansen,* Iowa, 248 N.W.2d 503 (1976). It may well be, however, that the recovery of consequential damages will be limited by demonstrating negligence on the part of the purchaser. The issue will be whether the proximate cause of those damages was the breach of contract by the seller or the negligence of the buyer.

■ We address as the last issue the claim that § 30-1-131, W.S.1977, forecloses any claim for indemnity by Centric. It must be recognized first of all that Centric did not assert a claim for indemnity so far as the issues in its appeal are concerned. The claim is only characterized as one in indemnity by Drake so that the provisions of § 30-1-131, et seq., W.S.1977, may be asserted as a defense. It is clear from the record that the contract upon which Centric relies is not one which indemnifies Centric against the consequences of its own negligence. See *Cities Service Company v.*

*Northern Production Co. Inc.,* Wyo., 705 P.2d 321 (1985). As we have set forth above the provisions of the sales section of the Uniform Commercial Code must be separated from the tort concepts. A claim of defense arising out of tort concepts, such as indemnity, is not available where the claim of the plaintiff is premised upon contract. See *Signal Oil & Gas Company v. Universal Products,* Texas, supra; and *Cline v. Sawyer,* supra. We for this reason do not need to reach the question of whether this particular structure would come within the definitions of § 30–1–132, W.S.1977.

We conclude that the district court did err in granting Drake's motion for summary judgment against Centric, and that the summary judgment entered in this case must be reversed so that the parties can resolve their contractual dispute in an appropriate trial.

ROONEY, Justice, specially concurring.

Generally, I agree with that said in the majority opinion, but I believe that there said must be carried forward a little further.

I agree that the cross-claim stated a claim for relief. There may be some question as to whether or not the claim for relief was proper for a cross-claim—i.e., whether or not it arose out of the transaction or occurrence which was the subject matter of the original action as required by Rule 13(g), W.R.C.P.[1] But that question is moot since if the cross-claim were dismissed for that reason, it would have been refiled as a complaint in an original action, and the same issues here presented would have been before the court.

Upon trial of the cross-claim, damages should be limited to the difference between the cost of the goods delivered and that of the goods ordered. The cross-claim is an action for breach of warranty involved in a sale of goods by Drake Building Corpora- tion to Centric Corporation. The measure of damages for such breach is set forth in § 34–21–293, W.S.1977:

"(a) Where the buyer has accepted goods and given notification (subsection (3) of section 2–607 [§ 34–21–270(c)]) he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.

"(b) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

"(c) In a proper case any incidental and consequential damages under the next section [§ 34–21–294] may also be recovered."

The "next section," § 34–21–294, W.S.1977, provides:

"(a) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

"(b) Consequential damages resulting from the seller's breach include:

"(i) Any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and

"(ii) Injury to person or property proximately resulting from any breach of warranty."

In addition to the difference between the cost of the goods delivered and that of the

---

1. Rule 13(g), W.R.C.P., provides in pertinent part:
   "A pleading may state as a cross-claim any claim by one (1) party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. * * *"

goods ordered, the only potential for damages in this case for breach of warranty would be consequential damages. The majority opinion properly notes the requirement for a showing that the damages under the Uniform Commercial Code were "proximately resulting" from the breach of warranty and that they would be limited by the negligence of Centric Corporation. It is also true that where negligence results in a breach of warranty,

> "* * * a cause of action ex contractu and a tortious action premised on negligence, or both, are available to the contractee. [Citations.]" *Cline v. Sawyer*, Wyo., 600 P.2d 725, 732 (1979).

However, a double recovery should not be allowed. *Reynolds v. Tice*, Wyo., 595 P.2d 1318 (1979); *Western National Bank of Casper v. Harrison*, Wyo., 577 P.2d 635 (1978). The negligence aspect of the case was litigated and settled in *Kirby Building Systems v. Mineral Explorations Company*, Wyo., 704 P.2d 1266 (1985). This negligence aspect resolved those issues involving consequential or other types of damages set out in §§ 34–21–293 and 34–21–294; that is, damages other than those measured by the difference between the value of the goods when accepted and the value the goods would have had if they would have been as warranted. As noted in the majority opinion, the statute relating to contribution among joint tort-feasors did not apply to contract actions.[2] The statute was part of the allocation of damages in tort actions—in this case it was pertinent to the negligence claim.

Drake Building Corporation responded to the injured party for its share of the damages resulting from its negligence. Whether this payment was a result of settlement or a satisfaction of judgment is immaterial. It should not have to pay again. *The statutory provision against contribution by Drake Building Corporation should not be subject to avoidance by a joinder of a contract claim with the original negligence claim.* Centric Corporation should not have two bites of the apple.

The same results from recognizing that the finding of negligence on Centric Corporation's part (and on the part of other parties, including Drake Building Corporation) in the Kirby case amounts to a factual finding of an intervening cause—i.e., no proximate cause and unforeseeability with respect to the warranty and its breach, either of which would bar Centric Corporation's recovery for consequential damages on the breach of warranty claim. See §§ 3 and 4 of the extensive Annotation: Buyer's Incidental and Consequential Damages from Seller's Breach under UCC § 2–715, 96 A.L.R.3d 299 (1979) in these respects.

In returning the case for trial, I would direct the trial court to limit any damages to the difference between the cost of the goods delivered and the cost of the goods ordered.

THOMAS, Chief Justice, specially concurring.

I feel compelled to present a different point of view from that expressed by Justice Rooney, Retired, in his special concurring opinion. The measure of damages is not addressed in the majority opinion because it is not an issue in this case. Apparently Justice Rooney and I agree as to what I perceive to be the general rule. A buyer who becomes liable to his customers as a result of the seller's breach of contract with respect to the goods sold can recover damages for that liability from its seller pursuant to the Uniform Commercial Code provisions providing for consequential damages (§ 34–21–294, W.S.1977). See *Louis DeGidio Oil and Gas Burner Sales and Service v. Ace Engineering Company, Inc.*, 302 Minn. 19, 225 N.W.2d 217 (1974); the cases collected at § 14[a] Annot., 96 A.L.R.3d 299 (1979); and White & Summers, Uniform Commercial Code § 10.4, p. 392 (2d Ed.1980). I am convinced, however, that the trial court should be cautious in pursuing Justice Rooney's advice.

---

2. Subsequent to the opinion in *Kirby Building Systems v. Mineral Explorations Company,* the legislature amended the contribution among joint tort-feasors statute as suggested in my dissent, which was joined in by Justice Brown. Thus, the inequity there noted was removed.

In *Kirby Building Systems v. Mineral Explorations Company,* Wyo., 704 P.2d 1266 (1985), we noted that the jury found Drake Building Corporation to be 35% negligent. It is interesting to note that Centric Corporation was only 20% negligent. While my mathematical computations are always subject to correction, the jury verdict of $8,392,216.90 reduced by the percentage attributable to the fault of the plaintiff of $419,610.85 leaves a balance of $7,972,606.05. Thirty-five percent of that is $2,790,412.12. That was the liability which Drake disposed of in compromising the negligence claim against it for the sum of $250,000. I do not understand how we can really say that Drake Building Corporation should not have to pay again. They haven't paid the first time yet.

In his special concurring opinion, Justice Rooney's thesis is that consequential damages arising out of a contract claim under the Uniform Commercial Code are controlled by the contribution provisions in our statutes pertaining to negligence actions. I am not satisfied that necessarily is true, and I would urge the trial court, with the assistance of briefs by counsel, to give the matter careful consideration if it must be addressed.

In *Sheldon v. Unit Rig & Equipment Co.,* 797 F.2d 883 (10th Cir.1986) that court reversed a determination by the United States District Court for the District of Wyoming which had held, in effect, that a plaintiff who was found to be more negligent than a defendant as the jury applied our comparative negligence statute could not recover for a breach of warranty claim. The United States Court of Appeals held that the degree of the injury proximately resulting from the breach of warranty might be controlled by the percentage of negligence attributable to the plaintiff but that the balance of his claim was recoverable. The result in *Sheldon v. Unit Rig & Equipment Co.,* supra, is like that of *Texsun Feed Yards, Inc. v. Ralston Purina Co.,* 447 F.2d 660 (5th Cir.1971), and *Signal Oil & Gas v. Universal Oil Products,* Tex., 572 S.W.2d 320 (1978). I perceive those authorities to be analogous to the situation presented in this case.

If a negligent buyer is not foreclosed from breach of warranty recovery even though his negligence, as compared, may have exceeded that of the seller then a party in the position of Centric Corporation would not be foreclosed by the contribution statute from recovering its consequential damages attributable to its own conduct in the context of proximate cause. A fact finder might use the comparative negligence determination in resolving the proximate cause question, but I am not persuaded that it would be bound to do so.

To reiterate, this issue was not before the court for decision in this case, but it seems to me a careful investigation is justified before adopting the views set forth in Justice Rooney's special concurrence.