**MONSANTO COMPANY,
Plaintiff–Appellant,**

v.

**LOGISTICON, INC.,
Defendant–Respondent.**

No. 54612.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 10, 1989.

Richard A. Mueller, Peter M. Hamilton, St. Louis, for plaintiff-appellant.

Michael J. Pitzer and William T. Kacerovskis, Brown, James & Rabbitt, St. Louis, for defendant-respondent.

CRANDALL, Presiding Judge.

Plaintiff, Monsanto Company (Monsanto), appeals from the grant of summary judgment in favor of defendant, Logisticon, Inc. (Logisticon). We affirm.

In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom the motion for summary judgment was filed and against whom judgment was rendered, and must accord to that party the benefit of every doubt. *Hill v. Air Shields, Inc.*, 721 S.W.2d 112, 115 (Mo.App. 1986). If a genuine issue of fact exists, summary judgment cannot be granted. Rule 74.04(c).

The record reveals that in 1980 Monsanto purchased a "Pathfinder" electronic wire guidance system from Logisticon on which Monsanto mounted an electric stockpicker which was manufactured by Crown Controls Corporation (Crown). The stockpicker was a forklift-type vehicle used to deposit and retrieve items from shelves in a warehouse. The Logisticon guidance system steered the stockpicker through the aisles of the warehouse.

Shortly after the system was installed in Monsanto's Illinois facility, Monsanto encountered chronic difficulties with the Logisticon guidance system. Several times the system failed, causing the orderpicker to jump off the guidewire and to collide with the shelves along the sides of the aisle. During 1981, Monsanto made numerous demands upon Logisticon to repair the guidance system. After making the necessary adjustments, Logisticon inspected the system and said that it was in good working order.

A Monsanto employee, Donna Renfro, was injured in an accident which occurred on May 4, 1981, while she was operating the orderpicker at Monsanto's Illinois facility. She brought an action in the Circuit Court of St. Clair County, Illinois, against Crown and Logisticon for injuries she sustained in the accident. Her claims were based upon strict liability in tort. Crown and Logisticon each filed a third-party action against Monsanto, seeking contribution from Monsanto based upon the theory of assumption of the risk. Their complaints alleged, *inter alia*, that on the day before plaintiff's accident, Monsanto knew that the orderpicker was not reasonably

safe to use but it nevertheless knowingly allowed the unit to remain in service and to be operated by plaintiff before the necessary repairs and adjustments were made.

Following a trial, the jury returned a verdict in favor of plaintiff, assessing her damages at $1,250,000. The jury apportioned liability for these damages at 90% for Logisticon and 10% for Crown. It further found that Monsanto was liable for 15% of the damages assessed against Logisticon and for 10% of the damages assessed against Crown. The judgment was affirmed by the Illinois Court of Appeals. *Renfro v. Allied Industrial Equipment Corp.*, 155 Ill.App.3d 140, 107 Ill.Dec. 844, 507 N.E.2d 1213 (1987).

Monsanto then filed the present action against Logisticon in St. Louis County Circuit Court to recover incidental and consequential damages suffered as a result of Logisticon's breaches of express and implied warranties regarding the Logisticon "Pathfinder" electronic wire guidance system.[1] The trial court entered summary judgment on all counts in favor of Logisticon, ruling that Monsanto was barred by collateral estoppel from pursuing its warranty action to recover incidental and consequential damages.[2]

Monsanto's sole point on appeal is that the trial court erred in granting respondent's motion for summary judgment on the ground of collateral estoppel because the issues decided in the prior adjudication were not identical to the issues presented in the present action. Monsanto argues that the instant action is a contractual warranty action governed by Missouri's Uniform Commercial Code, Chapter 400, RSMo (1986). As such, the material issues involved are the existence and breach of warranties and the damages arising therefrom. Monsanto further contends that the trial court's application of collateral estoppel in the Missouri action was improper because the instruction submitted to the jury in the previous action in Illinois did not contain all

of the elements of the affirmative defense of assumption of risk, such that Monsanto's present warranty action is barred.

Our initial inquiry is whether assumption of risk is a defense to a breach of warranty claim. Damages for personal injuries suffered by a buyer as a result of seller's breach of contract are recoverable as consequential damages under § 400.2–715(2)(b), RSMo (1986). A cause of action for personal injuries based upon breach of warranty bears considerable similarity to the doctrine of strict liability. *See* Restatement (Second) of Torts § 402A (1965). Missouri has adopted § 402A. *Keener v. Dayton Electric Manufacturing Co.*, 445 S.W.2d 362 (Mo. banc 1969). Missouri's doctrine of strict liability excludes the defense of contributory negligence when such negligence consists of a failure to discover the defect in the product or to guard against the possibility of its existence. *See Lippard v. Houdaille Industries, Inc.*, 715 S.W.2d 491 (Mo. banc 1986); *see also* Section 402A Comment n.

██ There is a vital distinction, however, between negligence and assumption of the risk which is the voluntary exposure to a known danger. Assumption of risk is a defense both in strict liability and in warranty cases. *Higgins v. Paul Hardeman, Inc.*, 457 S.W.2d 943, 948 (Mo.App. 1970). Section 402A Comment n explains assumption of the risk as follows:

> [T]he form of contributory negligence which consists in voluntarily and unreasonably proceeding to encounter a known danger, and commonly passes under the name of assumption of risk, is a defense under this Section as in other cases of strict liability. If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery.

---

1. Illinois has no compulsory counterclaim rule.

2. The court also granted partial summary judgment in favor of Logisticon on Monsanto's claims for property damage and lost profits in the amount of $3,877. Monsanto does not appeal from that judgment and has therefore abandoned any claim of error relating to that judgment.

Therefore, damages which have been caused by the continued use of a defective article, after the buyer has become aware that it does not conform to warranty, are not recoverable in an action or a counterclaim based on breach of warranty.[3]

■ Having determined that assumption of risk is a defense to a breach of warranty claim, we next consider whether Instruction No. 8, the instruction submitted to the jury in the previous Illinois action, sets forth the requisite elements of that defense. Instruction No. 8 provides in pertinent part:

> In addition to the claim of plaintiff against Allied Industrial Equipment Company, Logisticon, Inc., and Crown Controls Corporation, there are third party claims by Logisticon and Crown, third party plaintiffs, against the Monsanto Company, third party defendant. Logisticon and Crown both claim that if either or both of them are liable to plaintiff, then either or both are entitled to reimbursement from Monsanto for all or a portion of their respective liabilities.
>
> Logisticon and Crown claim that Monsanto knowingly permitted the use of the stockpicker by the plaintiff under circumstances where it knew it was not reasonably safe for use, in that it:
>
> A. Knowingly permitted the continued use of the order picker and failing to arrange for repair of a reported malfunction of the deadman brake until two days following plaintiff's accident of May 5, 1981;
>
> B. Failed to withdraw the stockpicker from service after notifying Logisticon on May 4, 1981, that the guidance system was malfunctioning and before adjustments or repairs were made to the stockpicker.
>
> Logisticon and Crown claim that one or more of the foregoing was a proximate

cause of plaintiff's injuries and damages. . . .

Pursuant to the instruction, the jury in the previous action was required to find that Monsanto knew that the guidance system was malfunctioning and was aware that the stockpicker was not reasonably safe to use when the guidance system failed. Despite this knowledge, Monsanto continued to use the system. Although not characterized as such in the instruction, Monsanto's alleged conduct falls within the ambit of behavior which may be considered assumption of risk.

In addition, in *Renfro,* the Illinois Court of Appeals held that there was sufficient evidence for the jury to find that Monsanto's conduct constituted assumption of risk. *Renfro,* 107 Ill.Dec. at 865–867, 507 N.E.2d at 1234–1236. The court opined, "[D]espite [Renfro's] complaints regarding the deadman brake, no representative from [the manufacturer] was called to check it, and the problem with that component remained unknown. Nevertheless, Monsanto returned the orderpicker to service, and once more [Renfro] was injured while operating it." *Id.,* 107 Ill.Dec. at 867, 507 N.E.2d at 1236. The jury in the previous Illinois action therefore found that Monsanto's voluntary use of the guidance system after the discovery of its defective condition was tantamount to assumption of risk.

Finally, we address the question of whether Logisticon is entitled to summary judgment in the Missouri action on the basis of the collateral estoppel effects of the judgment rendered in Illinois. Collateral estoppel, or issue preclusion, provides that a fact judicially determined in one action may not be litigated again in another action involving other different issues. *Hill,* 721 S.W.2d at 119. The test for determining whether the application of collateral estoppel is appropriate is: (1) whether the issue decided in the prior adjudication was

---

**3.** Some courts view plaintiff's behavior as a factor which sufficiently attenuates the causal connection between defendant's act and plaintiff's injury to bar recovery in a breach of warranty action.

It may well be, however, that the recovery of consequential damages will be limited by

demonstrating negligence on the part of the purchaser. The issue will be whether the proximate cause of those damages was the breach of contract by the seller or the negligence of the buyer.

*Centric Corp. v. Drake Bldg. Corp.,* 726 P.2d 1047, 1053 (Wyo.1986).

identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Id.*

Viewed against the backdrop of this four-pronged test, the facts of this case warrant the application of collateral estoppel to resolve the issue of Monsanto's assumption of risk. As previously discussed, the issue of Monsanto's assumption of the risk in the prior strict liability action in Illinois was identical to the issue of Monsanto's assumption of risk in the present warranty action in Missouri. The prior Illinois judgment was a final judgment on the merits. Monsanto was a party to the prior adjudication and had a full and fair opportunity to litigate the issue of its assumption of risk in that action.

Monsanto's breach of warranty action against Logisticon is therefore barred. The trial court properly granted summary judgment because there was no issue of material fact regarding Monsanto's assumption of risk. Monsanto's point on appeal is denied.

In view of our holding, we decline to address the issue of whether Monsanto's action, which was characterized as a contract breach of warranty action, was in reality a tort cause of action for contribution for the costs and expenses incurred in connection with Renfro's personal injuries. We also express no opinion as to whether, in light of Missouri's adoption of contribution and comparative fault, a claim for indemnity based upon an underlying strict liability action can be maintained when the

party seeking indemnity was found to have assumed the risk of a defective product in the underlying action.[4]

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.

---

4. *See Frazer v. A.F. Munsterman, Inc.,* 123 Ill.2d 245, 123 Ill.Dec. 473, 527 N.E.2d 1248 (1988) which rejected a cause of action for indemnity: With the adoption of contribution, however, if the negligent conduct of the intermediate seller played a role in proximately causing the plaintiff's injuries, there is no reason that the negligent conduct should be (sic) not be compared with the conduct of the manufacturer and the responsibility for damages shared. *Id.* 123 Ill.Dec. at 481, 527 N.E.2d at 1256. *See also Missouri Pacific R. Co. v. Whitehead & Kales Co.,* 566 S.W.2d 466 (Mo. banc 1978) in which the Missouri Supreme Court rejected the concept of full indemnity in favor of indemnity which rested on the principle of relative responsibility: "[C]oncurrent tortfeasors should be treated according to their respective fault or responsibility." *Id.* at 472.